## SWIFT & COMPANY, Respondent v. WABASH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, October 3, 1910.

1. **RAILROADS: Sparks from Locomotive.** The circumstances surrounding the destruction by fire of appellant's property, as shown by the evidence, tend to prove that the fire was caused by a passing locomotive, and the question whether or not the fire was caused by sparks from a passing locomotive of defendant was for the jury to determine.

3. **SUBROGATION TO RIGHTS OF INSURED.** Whenever the insurer has indemnified the owner for the loss of property destroyed by fire, he is entitled to all the means of indemnity which the satisfied owner held against the party primarily liable.

4. **RIGHT OF ACTION: Proper Party Plaintiff.** The action to recover such indemnity should be brought in the name of the owner, at the time of the fire, notwithstanding such owner has executed assignments to the insurance companies which paid the loss. The proceeds of the judgment comes to the owner impressed with a trust in favor of the insurers.

Appeal from Boone Circuit Court.—*Hon. N. D. Thurmond,* Judge.

AFFIRMED.

*George Robertson* and *E. W. Hinton* for appellant.

(1) The plaintiff was not the real party in interest because the settlement of the loss in full worked a transfer of the right of action to the insurance companies, and therefore the plaintiff was precluded from maintaining the action by section 540, R. S. 1899. Allen v. Railroad, 68 N. W. (Wis.) 873; Cunningham v. Railroad, 51 S. E. (N. C.) 1093; Railroad v. Blunt, 165 Fed. 258. (2) It has always been the law that when insured property was destroyed by the wrongful act of a stranger, and the insurer was thus compelled to pay the loss, he was subrogated to the right of the owner

against the tortfeasor—that is, there was an equitable transfer of the cause of action from the insured, who had been indemnified, to the insurer, who had been compelled to indemnify him for the loss. It is also well settled that before the Code, the insurer was forced to sue in the name of the insured because there had been no legal transfer of the right of action, which, under the doctrine of subrogation, was held upon a constructive dry trust for the benefit of the insurer. But it is equally well settled under the Code, that the insurer, after payment of the loss in full, is entitled, as the real party in interest, to sue the wrongdoer in his own name. Ins. Co. v. Railroad, 74 Mo. App. 106; Ins. Co. v. Railroad, 41 Fed. 643. And because in such a case the insurer now has the right of action, which formerly belonged to the insured, the latter no longer has that right and therefore cannot maintain the suit. The formal written assignment, set out in the second special plea, from the plaintiff to the insurance companies, transferred every vestige of interest to them, and left the plaintiff without any standing whatever, legal or otherwise. Michael v. Ins. Co., 17 Mo. App. 23; Gay v. Orcutt, 169 Mo. 400; Buffington v. Land Co., 25 Mo. App. 492; Smith v. Railroad, 23 Wis. 267; Ins. Co. v. Carnahan, 38 N. E. (Ohio) 805. Since choses in action have become completely assignable, it is too plain for argument that a formal written assignment transfers the entire interest of the assignor, and that in consequence he has no more right of action than he would have on a promissory note after he had negotiated it. Levy v. Levy, 78 Pa. St. 507; Smith v. Railroad, 23 Wis. 267.

*Barger & Hicks, H. S. Booth* and *Clarence A. Barnes* for respondent.

(1) While we believe this identical question of subrogation has been passed upon by this court upon more than three occasions, we hazard the following sug-

gestions: That a cause of action cannot be split by sub-
rogation anymore than by written assignment and that
the owner of the legal title is the one "real party in
interest," under our Code, and since it was stipulated
between the parties that "plaintiff (respondent) was the
legal owner, and held the legal title to and was in the
lawful possession of the property described in its peti-
tion in this cause, and alleged therein described in its
petition in this cause, and alleged therein to have been
destroyed by fire on the 16th day of September, 1907,
and at all times in its petition alleged," this suit was in-
stituted by the real party in interest. Conner v. Rail-
road, 181 Mo. 397; Hart et al. v. Railroad, 13 Metcalf
99, 46 Am. Dec. 719; Railroad v. Hicklin (Ky.), S. W.
Rep. 752; Lionberger v. Baker, 14 Mo. App. 353; Cas-
sidy v. Woodward, 77 Iowa 354, 42 N. W. 319; O'Connor
v. Irvine, 74 Cal. 435, 16 Pac. 236; 30 Encyclopedia of
Law & Procedure, p. 78; Whitecotton v. Railroad, 104
Mo. App. 65; Matthews v. Railroad, 142 Mo. 645; Er-
hart v. Railroad, 136 Mo. App. 617. (2) We submit
that a prima-facie case was made out and under the
evidence in this cause was a case for the jury. In fact,
we go further and believe that the inevitable conclusion
of every reasonable mind must be that the fire was
caused by sparks from defendant's engines. Erhart v.
Railroad, 136 Mo. App. 617; Lead Co. v. Railroad, 123
Mo. App. 394.

JOHNSON, J.—Swift & Company, a corporation
engaged in the packing business conducted a branch
establishment for the packing of poultry, butter and
eggs, in a building in Centralia, Missouri, near defend-
ant's railroad. The petition alleges and the evidence of
plaintiff tends to show that this building and its con-
tents were destroyed September 16, 1907, by fire caused
by sparks emitted from locomotives operated on the
railroad and plaintiff brought this suit under the stat-
ute to recover $2600, the alleged value of the personal

property destroyed which at the time belonged to plaintiff. The answer, in addition to a general denial, pleads facts which defendant contends show that plaintiff is not the real party in interest and, therefore, is not entitled to maintain the action. A trial to a jury resulted in a verdict and judgment for plaintiff in the sum of $2566.91 and the cause is here on the appeal of defendant.

Counsel for defendant contend that the jury should have been directed to return a verdict for defendant for two reasons, *viz.*, First: That the evidence of plaintiff does not tend to show that the fire which destroyed plaintiff's property was caused by sparks from defendant's locomotive and, second, that plaintiff has neither the legal title nor any beneficial interest in the cause of action, if one exists, and, consequently, has no right to prosecute the action.

The first of these propositions of defendant shall be briefly answered. We considered the circumstances of this very fire in the case of Erhart v. Railroad, 136 Mo. App. 617, and held that the evidence there adduced did tend to show that a passing locomotive caused the fire. A comparison of the evidence in the present record with that considered in the former case discloses no material difference with respect to essential facts and we say now as we said then that the question of whether or not the fire was caused by sparks from a locomotive of defendant was one of fact for the jury to determine.

The second proposition of defendant is based on undisputed facts. The parties stipulated that plaintiff was the owner of the property at the time of the fire; that its value was $2566.91; that plaintiff carried insurance for the full value with three separate insurance companies and that each company settled with plaintiff after the fire and before this suit was begun and paid plaintiff one-third of the entire loss. The pleadings

149 App—34

come to us in such form that we shall treat as proved the following allegations: "That after the fire and loss of the aforesaid property, described in the petition, and before the institution of this suit, the aforesaid insurance companies settled said loss in full with plaintiff, and paid plaintiff the following sums in full satisfaction thereof, which together equal the full value of said property; to-wit, by said Cosmopolitan Fire Insurance Company, the sum of $855.64, by said Ohio German Fire Insurance Company, the sum of $855.64, and by said New Jersey Fire Insurance Company, the sum of $855.64.

"That thereupon and prior to the institution of this suit, in consideration of the premises, plaintiff executed and delivered its several assignments in writing, whereby it assigned and transferred to each of said Insurance Companies, to the amount and extent of the respective payments aforesaid, its supposed claim and cause of action against this defendant for the alleged destruction of said property."

Defendant insists that "plaintiff was not the real party in interest because the settlement of the loss in full worked a transfer of the right of action to the insurance companies and, therefore, the plaintiff was precluded from maintaining the action by section 540, Revised Statutes 1899."

In construing this section and the one following it (541) the courts of this State have always recognized as sound the doctrine thus expressed in 30 Cyc. 78:

"After some vacillations, the courts of the code states have very generally rejected or refused to adopt the doctrine that beneficial ownership is necessary for a standing as real party in interest, without denying that beneficial ownership is sufficient, in connection with the corresponding cause of action, the prevailing view now entertained by these courts recognizes the legal title also as sufficient. The sounder view is rather that it is enough to entitle plaintiff to maintain the action, as real party in interest, if he has the legal title to the demand,

and defendants will be protected in a payment to or recovery by him." A third person, not a party to the action, may, it is true, be entitled to claim from plaintiff a portion of the fruits of the action, or all its fruits, as the case may be; but as against the defendant a plaintiff is the real party in interest if he has and shows the complete legal title to the cause of action asserted, so that he can legally discharge the defendant from his obligations."

Plaintiff was entitled to but one satisfaction of its loss and in obtaining full satisfaction for the entire loss from the insurance companies, plaintiff parted with the entire beneficial interest it had in the cause of action created by the wrong of defendant in setting out the fire. The crucial question for our solution is this: Did plaintiff also divest itself of the legal title to the cause of action against defendant by receiving full indemnity for its loss from the insurance companies? Should the question be answered in the affirmative, we would hold that plaintiff, shorn of all title, legal or equitable, had no right to prosecute the suit, but should the question be answered in the negative, we would say that plaintiff, as the holder of a bare legal title, may maintain the action for the benefit, however, of the owners of the beneficial interest.

In the discussion of this question, we shall ignore, for the present, the fact that plaintiff executed written assignments to the insurance companies and shall consider the rights of the parties as fixed by the rules of subrogation.

The liability of defendant as the wrongdoer whose wrong caused the loss was primary and was not released by the indemnification of the injured owner by the assurer whose liability to the owner was somewhat analogous to the liability of a surety. "Whenever the insurer has indemnified the owner for the loss, he is entitled to all the means of indemnity which the satisfied owner held against the party primarily liable. His right

rests upon familiar principles of equity.  It is the doc-trine of subrogation, dependent, not at all upon privity of contract, but worked out through the right of the creditor or owner." [Insurance Co. v. Railway, 74 Mo. App. 106, and cases cited.]

In support of its argument that the right acquired by the assurers in the present case included the legal as well as the equitable title to the property—was co-extensive with the right of the assured—defendant cites Allen v. Railway, 68 N. W. Rep. 873; Cunningham v. Rail-way, 51 S. E. Rep. 1093; Railway v. Blunt, 165 Fed. Rep. 258.  The rule of those cases thus is stated in the case last cited:

"When an insurance company pays to the assured the amount of the loss of the property insured, it is sub-rogated in a corresponding amount to the assured's right of action against any other person responsible for the loss. This right of the insurer against such other person is derived from the assured alone, and can be  enforced in his right only.  At common law it must be asserted in the name of the assured.  In a court of equity or ad-miralty, or under the modern codes of practice, it may be asserted by the insurance company in its own name when it has paid the assured the full value of the property destroyed—citing authorities.  But the rule seems to be well settled that, when the value of the property ex-ceeds the insurance money paid, the suit must be brought in the name of the assured.  In such action the assured may recover the full value of the property from the wrongdoer, but as to the amount paid him by the insurance company he becomes a trustee; and the de-fendant will not be permitted to plead a release of the cause of action from the assured, or to set up as a de-fense the insurance's company's payment of its part of the loss.  [Hart v. Railroad Company, 13 Metc. (Mass.) 99, 46 Am. Dec. 719; Hall v. Railroad Company, 13 Wall. 367, 20 L. Ed. 594."]

No doubt we would be disinclined to controvert that rule in a case where the full loss was reimbursed the owner by a single insurer. In such cases we would think there would be a union in the right acquired by the assurer of both the legal and equitable title and that the assurer alone would be the real party in interest within the meaning of the Code. But in the present case, each of the three assurers acted independently of the others, and each by the indemnity it paid acquired nothing more than an equitable interest in the assured's cause of action against the wrongdoer, whose wrongful act was single and indivisible, and gave rise to but one liability.

"If," says Judge Dillon in Aetna Insurance Co. v. H. & St. J. R. R. Co., 3 Dill. 1, Fed. Cases, No. 96, "one insurer may sue, then if there are a dozen, each may sue, and if the aggregate amount of the policies fall short of the actual loss, the owner could sue for the balance. This is not permitted, and so it was held nearly one hundred years ago in a case whose authority has been recognized ever since both in Great Britain and in this country." [Railway Co. v. Blunt, supra.]

The assignments of the owner's cause of action by operation of the principle of subrogation could confer no greater rights on the respective assignees than might have been conferred by the written assignments of the owner. The defendant did not consent to any assignment of plaintiff's cause of action and the rule is well settled that under the rule prohibiting the splitting of a cause of action, a portion of a debt, claim, or judgment, is incapable of assignment in the absence of the debtor's consent. [Burnett v. Crandall, 63 Mo. 410; Loomis v. Robinson, 76 Mo. 488; Beardslee v. Morgner, 73 Mo. 22; Pettit v. Ins. Co., 69 Mo. App. 320; Morrison v. De Donato, 76 Mo. App. 643; Gordon v. Jefferson City, 111 Mo. App. 28.]

The assignments before us—the written as well as the equitable—whether considered singly or conjointly,

had no other effect than to convey to each assurer an equitable interest in plaintiff's cause of action against defendant. The legal title still remained in plaintiff's corporation in the name of which the action could be prosecuted. The proceeds of the judgment will come to the hands of plaintiff impressed with a trust in favor of the insurance companies which, in the aggregate, are the owners of the entire beneficial interest. The judgment is affirmed. All concur.