CENTRAL FIBRE PRODUCTS CO., APPELLANT, v. C. H. BACHER ET AL., RESPONDENT.—112 S. W. (2d) 372.

Kansas City Court of Appeals.  March 18, 1938.

*Brown, Douglas & Brown* for appellant.

*Randolph & Randolph* for respondents.

SHAIN, P. J.—This is an appeal from the action of the Circuit Court of Buchanan County, in sustaining a demurrer to the petition filed in said court by appellant herein, who was plaintiff below.

In the suit in question the petitioner seeks by way of subrogation to enforce an asserted lien on a certain dividend allowed on a claim filed by C. H. Bacher, a defendant below and a respondent herein, in the bankruptcy court wherein the Missouri Paper Products Company is the bankrupt.

The petition in question is in words and figures as follows:

"Plaintiff for cause of action against the defendants, states that it is a corporation, duly organized and existing under and by virtue of the laws of the State of Delaware, and having a principal office in that state and another principal office in the City of Chicago in the State of Illinois, and is and at all times herein mentioned was engaged in the business of manufacturing and selling in various parts of the United States, paper, paper products, fibre board and other products manufactured of vegetable fibre materials, and for several years last past sold and delivered merchandise to Missouri Paper Products Company, a corporation of St. Joseph, Missouri, now a bankrupt, as hereinafter stated; that the defendant C. H. Bacher, was at all times herein mentioned a stockholder and director of said Missouri Paper Products Company, and interested in its affairs.

"Plaintiff states that on the 29th day of September, 1934, said Missouri Paper Products Company was indebted to the plaintiff on open account in the sum of $22,631.93, and being desirous of continuing to purchase merchandise on credit of the plaintiff, said Missouri Paper Products Company, the defendant, C. H. Bacher, and two other stockholders and directors of said Missouri Paper Products Company, namely Claude Madison and A. J. Brunswig, entered into a contract in writing with the plaintiff wherein and whereby said defendant, C. H. Bacher, the said A. J. Brunswig and Claude Madison contracted and agreed with the plaintiff among other things, to defer and subordinate any and all claims which they severally held against said Missouri Paper Products Company in favor of the plaintiff to the end that plaintiff should receive full payment of all amounts at any time owing to it by said Missouri Paper Products Company be-

fore any of the assets of said Missouri Paper Products Company be applied to the payment of its debt to the defendant, C. H. Bacher, and in said contract undertook and agreed to subrogate the plaintiff to all rights of the defendant C. H. Bacher, until any such claim and account of the plaintiff against Missouri Paper Products Company should be paid in full.

"A true and complete copy of said contract is hereto attached, marked 'Exhibit A,' here incorporated by reference and made a part of the allegations of this petition as fully as if here set out in full.

"Plaintiff further states that on said September 29, 1934, and on March 29, 1935, Missouri Paper Products Company was indebted to the defendant, C. H. Bacher, in the sum of $3,690.00; that said Missouri Paper Products Company was duly adjudged a bankrupt on or about the 29th day of March, 1935, and on the 19th day of April, 1935, the defendant, Fred V. Worden, was duly elected Trustee in Bankruptcy of said Missouri Paper Products Company, and duly qualified, and ever since has been and is now the duly qualified and acting Trustee in Bankruptcy of the assets and estate of said bankrupt.

"Plaintiff further states that in said bankruptcy proceedings the defendant, C. H. Bacher, filed and there has been duly allowed, his claim against said bankrupt in the sum of $3,690.00, which the plaintiff claimed by written claim filed in said proceedings, by subrogation and by virtue of the provisions of said contract dated September 29, 1934, and at the same time and in writing, notified the defendant Fred V. Worden, as such Trustee of its claim thereto.

"In said bankruptcy proceedings the plaintiff also asserted by written claim filed therein the right to have paid to it, by virtue of said contract dated September 29, 1934, all dividends payable on the claims of said A. J. Brunswig and Claude Madison, and prayed an order therefor; said Brunswig, Madison, and Bacher objected in writing in said proceedings to the making of said orders so prayed by plaintiff and on April 8, 1936, at a regular hearing upon said matters before the referee in bankruptcy having jurisdiction of said bankrupt and its estate the referee duly made and entered the following finding and order in the premises:

"Ordered that subject to the conditions hereinafter set out, the said claims of A. J. Brunswig, C. H. Bacher and Claude Madison, heretofore filed herein, be allowed as common claims for the respective amounts therein claimed; but that said allowance be without prejudice to the said Central Fibre Products Company in its petition to be subrogated to their respective rights to any dividends due them thereunder except as to such pro rata dividend upon said sum of $1800.00 as shall be due said A. J. Brunswig, as trustee under the

said will of John W. Cave, and counsel for Central Fibre Products Company having announced at this hearing that it intends to file a plenary suit to determine the rights of the respective parties, it is further ordered that except as to the dividend on said $1800.00, such dividends as may be due upon the said claims of A. J. Brunswig, C. H. Bacher and Claude Madison be turned over to the Clerk of the Court in which said suit is brought by said Central Fibre Products Company, there to await determination of said suit;'' said order is the only and final action of said referee in the premises. Promptly thereafter the plaintiff commenced this action.

''On September 29, 1934, the said A. J. Brunswig, Claude Madison and C. H. Bacher were joint and several guarantors of the payment of $10,000.00 of the indebtedness then owing to the plaintiff from Missouri Paper Products Company, under a prior written instrument of guaranty executed by them and held by the plaintiff.

''Plaintiff further states that pursuant to and relying upon said contract and agreement of defendant Bacher it continued to extend credit to said Missouri Paper Products Company in large amounts, and that under and by virtue of said agreement dated September 29, 1934, and the provisions thereof, the plaintiff became and is subrogated to all rights and claims of the defendant, C. H. Bacher against said Bankrupt, and to all dividends payable in the liquidation of the estate of said bankrupt on account of said claim, in the sum of $3,690.00, the amount of which has been ascertained and determined in said bankruptcy proceedings at the sum of $545.30, which the plaintiff has demanded of the defendants and payment of which has been refused by them.

''Plaintiff further states that said bankrupt was at the time of its adjudication indebted to it in the sum of $27,070.27, upon which there has been allowed and paid to it in said bankruptcy proceedings from the proceeds of security furnished by such Bankrupt, the sum of $8,362.58, and the further sum of $2,764.75 by way of common dividend upon the unsecured amount of its said claim, and that there is still owing to the plaintiff on account thereof the sum of $15,942.94.

''Plaintiff further states that the claims of the said Claude Madison and the said A. J. Brunswig against said bankrupt, Missouri Paper Products Company, have been ascertained and allowed in said bankruptcy proceedings, and the dividends payable thereon out of the assets of said bankrupt estate ascertained, and that the amount thereof, together with the dividend payable on account of the claim of defendant, C. H. Bacher, namely the sum of $545.30, are together wholly insufficient to pay the balance of said claim of the plaintiff; that by reason of the premises the plaintiff is entitled to receive and have paid to it said dividend so ascertained on account of said claim of the defendant, C. H. Bacher, against said Bankrupt, in said sum of $545.30.

"Wherefore, plaintiff prays judgment against the defendants that it be subrogated to all rights of the defendant Bacher in and to, and adjudged to have a lien upon and to be the rightful payee of said sum of $545.30, and for judgment therefor, by way of enforcement and performance of said contract, together with its costs in this behalf expended, and for such other relief, as it may be entitled to receive, the premises considered."

It will be noted that the appellant brought its action against several defendants. The appeals, by agreement, are considered separate as to each. By stipulation it is admitted that the issue to be de-determined in each case is the same except as to amounts involved. By agreement all file the same abstract and brief and the case was presented to this court with one oral argument.

Under the situation, as shown, a general discussion of the issues involved will be made in the instant case. An abbreviated opinion with reference therein to the opinion herein will be filed in the companion cases.

The record discloses that Fred V. Worden is made a party defendant in the circuit court in his capacity of Trustee in Bankruptcy of the Missouri Products Company, a bankrupt. Fred V. Worden, as Trustee, aforesaid, filed a separate demurrer to the petition as follows:

"Comes now the defendant, Fred V. Worden, and for his separate demurrer to the first amended petition of plaintiff, states that the petition of the plaintiff states no cause of action against him; that no facts are stated in said petition which show any liability on his part. This defendant, therefore, prays the judgment of the court as to whether or not he shall be required to answer the said petition."

C. H. Bacher also filed a separate demurrer as follows:

"Comes now the defendant C. H. Bacher and for his separate demurrer to the first amended petition of the plaintiff states:

"1. That said petition states no cause of action against the said defendant.

"2. That the said amended petition recites a part of an alleged contract and has attached thereto a copy of an alleged contract; that the facts stated as being a part of said contract and the terms of said contract, as attached, do not show any right of subrogation in favor of plaintiff and against the said defendant C. H. Bacher, nor any facts which can entitle the plaintiff to a judgment against him.

"The said defendant therefore prays the judgment of the Court as to whether or not he shall be required to answer said petition."

At the January Term of the Circuit Court of Buchanan County the court sustained the separate demurrers of Worden and Bacher.

Appellant herein, plaintiff below, refusing to plead further the court entered up judgment as follows:

"Wherefore, it is ordered, adjudged and decreed by the court that plaintiff take nothing by this suit, and that defendants go hence without day, and have and recover from plaintiff their costs herein expended, and have therefor execution."

The Central Fibre Products Company, plaintiff below, duly appealed.

## OPINION.

The question on demurrer is the only point presented for review in this appeal and we deem it our duty to pass upon that point regardless of the fact that appellant's brief does not 'distinctly and separately allege errors.'

The appellant in its brief contends that the facts plead as to assignment of September 29, 1934, state a cause of action in that:

"By the terms of the contract dated September 24, 1934, the three stockholder-creditors, defendants below, agreed, in consideration of the extension of further credit by the appellant to Missouri Paper Products Company, to subordinate their respective claims in favor of appellant 'TO THE END THAT FIBRE COMPANY (THE APPELLANT) SHALL RECEIVE FULL PAYMENT OF ITS ACCOUNT AGAINST PAPER COMPANY BEFORE ANY OF THE ASSETS OF PAPER COMPANY ARE APPLIED TO THE PAYMENT OF ITS DEBTS' to said defendants. An agreement of this sort supported by the consideration of extension of further credit, has been uniformly construed as granting or creating an equitable lien, enforceable against the claim or proceeds thereof, so subordinated in favor of the party extending credit in reliance thereon."

As a general declaration of principles of equity the position as stated above is sound and we need not comment on the long line of authority cited. Appellant further contends that the transaction plead constitutes an equitable lien.

It is the law in this State that a written order which shows upon its face the intent of the owner of a chose in action to pass title to the transferee amounts to an equitable assignment. [Sherman v. International Life Insurance Co., 291 Mo. 139, 236 S. W. 634, 1. c. 640.]

The appellant urges that under the law in Missouri even though another be entitled to subrogation, the action to recover such indemnity should be brought in the name of the owner. This principle is declared in Swift & Company v. Wabash R. R. Co., 149 Mo. App. 526, 131 S. W. 124.

Based upon the above the appellant asserts that the course followed by respondent, Bacher, in presenting his claim and having same allowed in his own name in the bankruptcy court was proper and does not defeat appellant's rights. Appellant, further, contends that the bankruptcy court was not required to take jurisdiction of the said matters growing out of the agreement between appellant and re-

spondent that were declared upon in appellant's petition, "and had a right to remit the appellant as it did, to a plenary action in a court of general jurisdiction."

The action of the bankruptcy court referred to is set forth in the sixth paragraph of petition, supra.

Appellant further suggests that the matter in controversy as between appellant and respondent "is purely a collateral controversy, which does not affect the quantity of the bankrupt estate, as such, or its creditors generally, the bankruptcy court is probably without jurisdiction to hear such controversy at all."

Summarized, we glean the appellant's contention to be, that conceding the bankruptcy court to have had jurisdiction, then, that court had the right to, and, the allegations of its petition being admitted for the purposes of the demurrer as true, has remitted the appellant to a plenary action in a court of general jurisdiction that has plenary jurisdiction in matters of equity.

Appellant contends further, that, if the bankruptcy court be held to have no jurisdiction of the controversy as declared upon in its petition, then, in that event the circuit court has jurisdiction to determine the issues presented. Based upon the above, it is the contention of the appellant that the Circuit Court of Buchanan County had jurisdiction of the persons and subject matter of the controversy and that the petition filed stated a cause of action.

The respondent herein takes the position that the bankruptcy court has jurisdiction of the subject matter of the matters plead concerning appellant's petition herein. Based upon this position respondent in his brief has clearly set forth provisions of the bankruptcy law and cites Tobin v. Insurance Agency Co., 80 Fed. (2nd) 241; In re Weidenfeld, 277 Fed. 59; In re Columbia Iron Works, 162 Fed. 234. In addition respondent cites decisions of many state courts, Missouri included.

Granted that the bankruptcy court had and retained jurisdiction of the matters of this controversy at the time suit was filed in the Buchanan County Circuit Court, then the position taken by respondent is right and has been so declared by the Supreme Court of Missouri. The question of jurisdiction as between State and Federal Courts was before the Supreme Court of Missouri in State ex rel. v. Stone, 269 Mo. 334, and in paragraph three l. c. 345 of the opinion the reasons and conclusions are clearly set forth and the opinion of GANTT, J., speaking for the court en banc, in State ex rel. v. Williams, 221 Mo. 227, l. c. 254 is cited as approved by the Supreme Court of the United States, in Covell v. Hayman, 111 U. S. 176.

We glean from the record herein that the trial court sustained the demurrer on the theory of want of jurisdiction. In determining the questions presented herein, a careful analysis of the pleading be-

comes necessary and, as before stated, the allegations of the petition will be considered as true. Further, examination of the laws of bankruptcy in connection with Federal decisions must be made to the end of ascertaining the Federal Court's interpretation as to mat-ters of jurisdiction of the bankruptcy court.

We find that the bankruptcy court has no plenary jurisdiction in equity and in application of equity it is confined to such rules and principles as are conferred by the act. Further, the jurisdiction does not extend beyond controversies properly incidental to the adminis-tration of bankrupt estates. [Smith et al. v. Chase National Bank, 84 Fed. (2d) 608.]

In Nixon v. Michaels, 38 Fed. (2d) 420, it is held that although there be *res* in the bankruptcy court it does not necessarily follow that a third party may litigate rights with respect thereto. The above case further holds in effect that the bankruptcy court does have juris-diction to *ALLOW* third persons to come in and litigate rights, when there is involved a *res* in the possession of the court. In other words, the bankruptcy court has discretion in the matter.

It is expressed, In re Railroad Supply Co., 78 Fed. (2d) 530, that bankruptcy courts will not digress to settle collateral disputes. It is further declared that the court has considerable discretion in de-termining what disputes between creditors should be litigated in passing upon claims.

In the light of the above, we conclude that for the trial court herein to sustain the demurrer on jurisdictional grounds it must be con-cluded that the petition on its face presents an issue of which the bankruptcy court has and retains jurisdiction.

The petition filed in the circuit court sets forth that the fund to which the plaintiff below, appellant herein, makes claim for subroga-tion, is a dividend duly allowed on a claim of respondent which claim was duly filed in the bankruptcy court. In said petition the jurisdic-tion of the bankruptcy court to allow the claim and to declare the dividend, which is the *res* in the action in the circuit court, is clearly admitted. However, it is further plead that by the orders and de-crees of the bankruptcy court the allowance of respondent's claim, therein, is without prejudice to a plenary suit for subrogation that appellant announced it intended to file. The petition in question further pleads, that an order was made by the bankruptcy court; that the fund in issue be turned over to the clerk of the court in which said plenary suit was brought, "there to await determination of said suit," and that said order is the final action of the referee.

If the above be true, and for the purposes of the demurrer it must be so considered, then it would appear that in the exercise of its dis-cretion the bankruptcy court refused to take jurisdiction of the con-troversy and ordered the fund to be deposited in the court wherein plenary suit is filed, when same be filed. Such an order, made by a

court having discretion to make, we conclude, removes the controversy involved in the suit at bar from the jurisdiction of the bankruptcy court and when its mandate is obeyed deposits the *res* in the court wherein the plenary suit is brought. Further, a compliance with the order and a receipt of the clerk of the court where plenary suit is brought would be a full acquittance to the trustee in bankruptcy.

The allegations of the petition being true, and herein they must be so considered, the trustee in bankruptcy, who appears as a defendant in the suit in the circuit court and as a respondent herein, by disobeying the mandate of the bankruptcy court, of which he is a servant, apparently, seeks wrongfully to retain the jurisdiction in a court that has disclaimed jurisdiction and based upon his own wrong files a demurrer.

The demurrer, of course, admits as true the allegations of the petition and as such issue can be joined by answer we conclude that the demurrer should have been overruled.

As to the demurrer filed by respondent, Bacher, we conclude that the trial court should not take into consideration, in passing upon same, the failure of the trustee in bankruptcy to obey the order of the bankruptcy court. The jurisdictional question must be determined by the allegations contained in the petition. Accepting the allegations in the petition to be true, which we must, we conclude that in so far as the jurisdictional question is concerned, the demurrer should have been denied.

With the question of jurisdiction disposed of, we, upon an examination of the pleading concerning the allegation of agreement in controversy, conclude that the matters plead are sufficient to constitute a cause of action. If, on the trial, the allegations of the petition are not supported by the evidence the trial court can render its decision in accordance.

Concluding that the demurrers filed should have been overruled, the judgment of the trial court sustaining same is reversed and the cause remanded for trial. All concur.

## On Motion for Rehearing.

SHAIN, P. J.—The respondents herein have filed a motion for rehearing. From a careful study of said motion, we conclude that respondents have formed the erroneous idea that our opinion herein undertakes to go into the merits of the controversy. Such idea we conclude is not justified, but to make clear, if need be, we state that the only issues considered by this court are:

First. Does the circuit court, the pleadings all presumed to be true, have jurisdiction.

Second. If so, does the petition state a cause of action.

The petition before us for review has the following paragraph touching the orders of the bankruptcy court to-wit:

" 'Ordered that subject to the conditions hereinafter set out, the said claims of A. J. Brunswig, C. H. Bacher and Claude Madison, heretofore filed herein, be allowed as common claims for the respective amounts therein claimed; but that said allowance be without prejudice to the said Central Fibre Products Company in its petition to be subrogated to their respective rights to any dividends due them thereunder except as to such pro rata dividend upon said sum of $1800.00 as shall be due said A. J. Brunswig, as trustee under the said will of John W. Cave, and counsel for Central Fibre Products Company having announced at this hearing that it intends to file a plenary suit to determine the rights of the respective parties, it is further ordered that except as to the dividend on said $1800.00 such dividends as may be due upon the said claims of A. J. Brunswig, C. H. Bacher and Claude Madison be turned over to the Clerk of the Court in which said suit is brought by said Central Fibre Products Company, there to await determination of said suit;' said order is the only and final action of said referee in the premises. Promptly thereafter the plaintiff commenced this action."

By assuming all of above facts as true, this court, based upon law cited in the opinion, concluded that the bankruptcy court, acting under its powers of discretion, had relinquished its jurisdiction as to such an amount as was ascertained was due to C. H. Bacher after the pro rata dividend due A. J. Brunswig as trustee under the will of John W. Cave was ascertained and set apart.

We further concluded that such sum as was found due to C. H. Bacher was ordered by the bankruptcy court to be deposited in a plenary suit as is shown by the pleading in question.

The petition before us has the following paragraph:

"Plaintiff further states that the claims of the said Claude Madison and the said A. J. Brunswig against said bankrupt, Missouri Paper Products Company, have been ascertained and allowed in said bankruptcy proceedings, and the dividends payable thereon out of the assets of said bankrupt estate ascertained, and that the amount thereof, together with the dividend payable on account of the claim of defendant, C. H. Bacher, namely the sum of $545.30, are together wholly insufficient to pay the balance of said claim of the plaintiff; that by reason of the premises the plaintiff is entitled to receive and have paid to it said dividend so ascertained on account of said claim of the defendant, C. H. Bacher, against said Bankrupt, in said sum of $545.30."

If the above language be true and we so treat same, then the A. J. Brunswig claim, referred to in the paragraph above set forth, has been fully adjudicated in the bankruptcy court and an ascertained

amount of $545.30 allowed to C. H. Bacher. Said amount of $545.30 is, therefore, the sum ordered by the bankruptcy court to be turned into the clerk of the court of general jurisdiction, there to be adjudicated in a plenary suit therein brought.

We conclude that the language of the petition can be reasonably understood to mean that the $545.30, is exclusive of the pro rata dividend as to the $1800.

What we said in our opinion concerning the action of the trustee in objecting to the jurisdiction of the circuit court rather than depositing the $545.30 according to the orders of the bankruptcy court, is only explanatory of our conclusion that the fact that he had not so deposited had no bearing upon the question of the jurisdiction of the circuit court. In other words such issue must be determined by the allegation in the pleadings and not in consideration of the attitude of one in possession of the *res* that the bankruptcy court had ordered deposited.

After we stated our conclusions as to jurisdiction, we proceeded to a consideration of the pleadings and concluded that same stated a cause of action.

Upon review we hold to our conclusions that the petition in issue pleads facts that state a cause of action and facts that gave to the circuit court jurisdiction of the cause of action stated.

As to whether or not the bankruptcy court actually made such orders as are plead and as to whether or not the $545.30 stated as being the amount found due to C. H. Bacher after adjustment as to A. J. Brunswig and others, is not before us for our determination and as stated in the opinion these matters are for determination in the trial court.

Motion for rehearing overruled. All concur.