STATE, ex rel. HOME SERVICE OIL COMPANY, a corporation, Relator,

v.

Honorable Philip HESS, Judge of the Circuit Court, Division No. 2, Hillsboro, Missouri, Respondent.

STATE, ex rel. HOME SERVICE OIL COMPANY, a corporation, Relator,

v.

Honorable Philip HESS, Judge of the Circuit Court, Division No. 2, Hillsboro, Missouri, Respondent.

Nos. 34419, 34420.

Missouri Court of Appeals, St. Louis District, En Banc.

Oct. 6, 1972.

Holtkamp & Amelung, Robert A. Wulff, St. Louis, for relator.

Adolph K. Schwartz, Donald J. Sher, St. Louis, for respondent.

ORIGINAL PROCEEDING
IN PROHIBITION

SMITH, Judge.

Relator seeks our orders prohibiting respondent from proceeding further in two lawsuits pending before him. We issued our preliminary rule in prohibition in each of the cases; the two actions have been consolidated for argument and briefing.

Relator, Home Service Oil Company, is the defendant in each of the two underlying lawsuits. Plaintiffs in one of the suits are Reliance Insurance Company and American Insurance Company. The plaintiff in the second suit is Marine Office of America Insurance Company. Reliance and American, in their suit, seek $901.45 and $1,802.91, respectively, as subrogees of C. E. S. Truck Lines, Inc. to whom they paid the money pursuant to insurance contracts. They alleged that on July 5, 1966, defendant's truck had exploded and burned as a result of defendant's negligence damaging C. E. S. Truck Lines' loading dock which was insured by the plaintiffs. Ma-

rine Office also seeks recovery as a subrogee of C. E. S. Truck Lines to recover $5,554.74 paid out by it for damages to cargo of C. E. S. Truck Lines resulting from the same occurrence as the Reliance/American suit, and also premised on negligence of defendant.

Standing in the immediate background is a third suit, also the product of the explosion and fire on July 5, 1966. That was a suit by Crystal Tire Co. against both Home Service and C. E. S. for damages sustained by it attributed to the joint or combined negligence of the defendants. This suit in turn produced cross-claims between C. E. S. and Home Service. C. E. S. sought as part of its cross-claim $2,704.36 for damages to its dock and $5,554.74 for damages to its cargo. We are advised, in the briefs of relator, that the C. E. S. cross-claim resulted in a judgment in favor of Home Service which judgment, respondent tells us in his brief, is not final because on appeal. Neither of these facts is in the record before us.

Home Service filed in each of the two insurance company suits motions to dismiss based upon res judicata and that plaintiffs were not the real parties in interest. After denial of the motions to dismiss, application was made to this court for a preliminary writ of prohibition in each case, which thereafter issued. Relator again urges that respondent has no jurisdiction to proceed because of res judicata and lack of the real party in interest.

■ The res judicata argument may be quickly disposed of. A motion to dismiss tests the sufficiency of the petition on its face. It may be that a petition which shows on its face its vulnerability to an affirmative defense may be dismissed on motion. International Plastics Development, Inc. v. Monsanto Company, Mo., 433 S.W.2d 291. And our appellate courts have held that res judicata may be raised by a motion to dismiss (the "speaking" demurrer) even where the defect does not appear on the face of the petition. Rob-

erts v. Epicure Foods Company, Mo., 330 S.W.2d 837; Hamilton v. Linn, 355 Mo. 1178, 200 S.W.2d 69. Here the petitions do not on their face show their vulnerability to this attack. Nor do the motions prove themselves. The only material before the trial court relating to the Crystal Tire case was certain excerpts of the pleadings attached to relator's brief. In this posture the court did not err in refusing to dismiss on the ground of res judicata.

Rule 52.01, V.A.M.R., provides that "Every action shall be prosecuted in the name of the real party in interest, . . ." Relator contends that party is C. E. S. Truck Lines. We agree.

■ It appears that in dealing with real party in interest in subrogation litigation the courts have been mainly concerned with the related concepts of splitting a cause of action and multiplicity of litigation. This has produced the general rule that where a claimant has assigned the entire cause of action to another he no longer has an interest in it and is not the real party in interest. Full payment received by the claimant, however, does not support the inference that an assignment of the cause of action has been made. Hayes v. Jenkins, Mo.App., 337 S.W.2d 259 [3]; Jacobs v. Fodde, Mo.App., 458 S.W.2d 588 [1, 2]. We could dispose of these cases at this point because neither petition alleges that in fact an assignment has been made of the cause of action by C. E. S. Truck Lines, Inc. The only allegation made of the rights of the plaintiffs to bring these suits is that pursuant to a policy of insurance plaintiffs have paid C. E. S. Truck Lines "and thereby became subrogated in said sum against the defendant," (Marine petition) or "that by reason of the provisions of said policies of insurance said plaintiffs became subrogated in said amounts against the defendant." (Reliance/American petition). We decline, however, to rest our decision solely on this pleading discrepancy because amendment

of the petition could cure that fault and leave undecided a more basic question.

Presuming therefore that allegations can be properly made showing C. E. S. Truck Lines has assigned its cause of action, what effect does the fact that assignment has been made to three different insurance companies have? In Swift & Co. v. Wabash R. Co., 149 Mo.App. 526, 131 S.W. 124, the Kansas City Court of Appeals held that such assignments did not divest the claimant of its legal title to the claim and that it was the real party in interest. The rationale for this result was that defendant's wrongful act was single and indivisible and gave rise to but one liability. The court stated: "The defendant did not consent to any assignment of plaintiff's cause of action, and the rule is well settled that, under the rule prohibiting the splitting of a cause of action, a portion of a debt, claim or judgment is incapable of assignment in the absence of the debtor's consent." (1. c. 126). See also Meyer Jewelry Co. v. Professional Building Co., Mo.App., 307 S.W. 2d 517.

■ Some modification of the splitting rule has been permitted in this state. Where the claimant assigns his cause of action for property damage to his vehicle but retains his cause of action for personal injuries such splitting is permitted. As stated in General Exchange Ins. Corp. v. Young, 357 Mo. 1099, 212 S.W.2d 396; ". . . But the facts in the instant case furnish a reasonable exception to the rule against splitting; or perhaps it is more accurate to say there has been no split of the cause of action, but the creation of two separate causes of action." (1. c. 400).

That a single tortious act can create two separate causes of action, one for personal injury and one for property damage was also recognized in Steele v. Goosen, Mo., 329 S.W.2d 703. There the assignment of the entire property damage claim was held to make the insurer the real party in interest despite the retention of the personal injury claim by the claimant and despite the fact she had received $50 less than the full amount of her property damage from the insurer.

Both *General Exchange, supra,* and *Steele, supra,* involved only one insurer and the splitting allowed was because of the type of claim. Those cases are not in conflict with *Swift, supra,* and *Meyer, supra.* In fact, in *General Exchange, Swift* was distinguished without criticism on the basis that three insurance companies were involved.

■■ We think the conclusion reached in *Swift* is sound and logical. The "splitting" prohibition is designed, of course, to avoid harassment of a defendant by a multitude of law suits for damages sustained by the same person from the same tortious act. We can see practical and logical reasons for treating property damage and personal injuries as severable where the claimant has been reimbursed for the property damage and concludes he has no further interest in pursuing the claim. But we cannot go the step further required to conclude that each separately insured interest is a separate cause of action to be separately litigated by each insurance company involved. It is quite possible that one negligent act could result in damages of many different kinds to one claimant. It is also possible that each kind of damage, i. e., fire, business interruption, personal effects, etc. is covered by a different insurance company. The defendant should not be required to defend nor should the courts be burdened to try each claim separately. We conclude that in the situation before us C. E. S. Truck Lines, Inc. is the real party in interest and the litigation should have been brought in its name.

Respondent suggests that dismissal is not required; that substitution would correct the situation. Not quite. There are two suits pending in each of which C. E. S. Truck Lines is the real party in interest and is not joined. C. E. S. could not maintain both suits at the same time for

**620**

that would clearly be a splitting of its cause of action, and we are in no position to arbitrarily determine into which suit C. E. S. should be substituted or added as a party.

The respondent is hereby prohibited from taking any further action in these cases other than dismissing them.

BRADY, C. J., and DOWD, and CLEMENS, JJ., concur.

SIMEONE, J., concurs in the result.

WEIER, J., not participating.