GENERAL EXCHANGE INSURANCE CORPORATION, a Corporation, v. FRANK YOUNG, Appellant.—No. 40792.—212 S. W. (2d) 396.

Division One, June 14, 1948.

*Harry Carstarphen* and *Frank B. Harvey* for appellant.

*H. S. Rouse, Walter M. Hilbert,* and *J. Andy Zenge, Jr.,* for respondent.

[397] CLARK, J.—Respondent insurance company issued a policy to a Mrs. Swisher insuring her against damage to her automobile by collision. The automobile was damaged when it collided with an abutment to a culvert. The repair bill was $367.00, of which respondent paid $342.00 and Mrs. Swisher paid $25.00. Mrs. Swisher executed an instrument purporting to assign to respondent any claim she might have against any person for causing such damage. Respondent sued appellant Young, alleging that the damages were caused by his negligence, and recovered a judgment for the amount respondent had paid, $342.00. On appeal the St. Louis Court of Appeals affirmed the judgment, [206 S. W. (2d) 683] but transferred the cause to this court because it deemed its opinion in conflict with the decision of the Kansas City Court of Appeals in Subscribers, etc., v. K. C. Pub. Serv. Co., 230 Mo. App. 468, 91 S. W. (2d) 227.

In November, 1941, respondent notified Young and his insurance carrier that respondent had paid $342.00 on the repair bill, had been subrogated to Mrs. Swisher's rights to collect damages to her car and claimed reimbursement therefor.

Respondent filed the instant suit December 5, 1942. In May, 1942, Mrs. Swisher sued Young for $5,000.00 alleging that due to his negligence she had been permanently injured and caused to expend large sums for hospitalization and doctor bills. On July 12, 1943, Mrs. Swisher dismissed her suit with prejudice and executed a release of all claims for damages to person or property in consideration of the payment to her of $500.00.

A more complete statement of the facts is fairly set forth in the opinion of the Court of Appeals and all of appellant's assignments of error are there fully discussed and we think correctly decided.

Briefly we list appellant's contentions as follows:

1. The petition fails to state a claim upon which relief can be granted.

2. The judgment obtained, and settlement made, by Mrs. Swisher are res judicata as to respondent's claim; for the reason that the cause of action cannot be split and there can be but one recovery on a tort claim.

3. No proof that respondent was subrogated to any part of Mrs. Swisher's claim.

4. Insufficiency of the evidence to support the verdict.

5. Mrs. Swisher, through her driver, was guilty of negligence as a matter of law.

6. Error in giving instructions one and three at respondent's request.

The first assignment attacks the petition for failure to set out the insurance policy or at least, "the obligation clause." The petition alleged the issuance of the policy; a general statement of its terms; damage to the automobile by the negligence of defendant;

the amount of the repair bill paid by respondent and subrogation to [398] the rights of the insured. We hold that the petition stated a valid claim.

Appellant's assignment three, as to failure to prove subrogation, seems to rest upon the argument that it was necessary to introduce the policy in evidence. Respondent, without objection, proved by Mrs. Swisher that she had procured the policy and that it obligated respondent to pay the damages less $25.00; also that respondent paid the proportion of the damage called for and that she assigned to respondent her right to recover from any person whose negligence may have caused the damages. We hold this proof sufficient.

Appellant's fourth and fifth assignments relate to the sufficiency of the evidence to prove appellant's negligence. Also appellant claims that the evidence proves that the collision was due to the negligence of the driver of Mrs. Swisher's car, she being in the car but not driving. Respondent's proof was to the effect that appellant, without warning, backed his automobile out of a driveway onto the highway causing the Swisher car to swerve off the road and its driver to lose control and strike the culvert. Appellant argues that, as the Swisher car was a block away and approaching at thirty-five or forty miles per hour when it is claimed he obstructed the road, the driver of the Swisher car had ample time to avoid the collision. But the evidence shows that rain had been falling, the pavement was wet, the shoulder muddy and the culvert abutment difficult to see. Under all the conditions shown by the evidence the questions of negligence of appellant or contributory negligence of the driver of the Swisher car were for the jury. Besides, appellant having proved in the instant case that he had settled Mrs. Swisher's suit is not in good position to dispute his liability to her.

[4] Appellant complains that instruction number one, which authorized a finding for respondent if defendant "could have stopped his automobile, or slackened the speed thereof, or turned or swerved the same . . . " and thus avoided the collision, was not in conformity to the petition. True, the petition alleged general negligence and the instruction submitted specific negligence, but the instruction was supported by the evidence and was not error. [Bergfeld v. K. C. Rys., 285 Mo. 654, 227 S. W. 106.]

Instruction number three told the jury that "if you find for plaintiff, . . . you will allow plaintiff such sum as you believe and find from the evidence will fairly and reasonably compensate plaintiff for the damages, if any, sustained by the car of Lucille Swisher . . . "

The instruction was not properly drawn, but under the facts of this case we do not believe appellant was prejudiced by the way it was worded. The amount which the jury allowed was the exact amount which respondent had paid on the repair bill. There seems to have

been no evidence as to the market value of the car before and after the collision nor as to whether the repair bill was a reasonable charge. However, appellant paid Mrs. Swisher $500.00 in settlement of her suit and at page 13 of his original brief he says that was "to cover everything including the car damaged, for that was substantially all the damage she had." So, if appellant paid $500.00, mainly for damages to the car, he should not be permitted to claim that $342.00 was an unreasonable charge.

Appellant's main contention, which we have listed as number two, is that the cause of action could not be split; that the right to sue for the entire damage was in Mrs. Swisher; that she could not assign a part of her claim and that her release settled the whole claim.

In support of this contention appellant cites Coy v. St. L. & S. F. Ry., 186 Mo. App. 408, 172 S. W. 446; Love v. Fairfield, 13 Mo. 300; Burnett v. Crandall, 63 Mo. 410; Fourth Nat'l Bank v. Noonan, 88 Mo. 372; Swift & Co. v. Wabash Ry., 149 Mo. App. 526, 131 S. W. 124; Chamberlain v. Mo.-Ark. Co., 334 Mo. 461, 189 S. W. (2d) 538; Cable v. Marine, etc., Co., 21 Mo. 133, and Subscribers, etc., v. K. C. Pub. Serv. Co., 230 Mo. App. 468, 91 S. W. (2d) 227.

Those cases announce the general rule that assignment of a part of a single cause of action does not entitle the assignee to bring a suit at law unless the defendant [399] consents thereto. Some of the cases cited hold that the same plaintiff cannot bring separate suits for personal injuries and damages to property caused by the same wrongful act. That accords with the majority rule in other jurisdictions, which rule we think is correct, although there is respectable authority to the contrary. [1 Am. Jur., p. 494, sec. 114; 64 A. L. R. 670.]

In the instant case the St. Louis Court of Appeals has held that an exception to the general rule exists in cases involving subrogation under insurance policies, citing cases from other states. [206 S. W. (2d) l. c. 688; See also 64 A. L. R., p. 668.] The only case cited by appellant which seems to be squarely in conflict with that holding is Subscribers, etc., v. K. C. Pub. Serv. Co., 230 Mo. App. 468, 91 S. W. (2d) 227, decided by the Kansas City Court of Appeals. In that case one Teall owned a car which was damaged to the extent of $617.55 by a collision with a streetcar. Teall had a $50.00 deductible insurance collision policy and collected his damages less $50.00 from the insurance company. That company notified the streetcar company of the settlement and demanded reimbursement. Payment being refused the insurance company, claiming subrogation, brought suit for the amount it had paid to Teall. Defendant in its answer set up a release executed by Teall after he had settled with plaintiff, whereby for the payment of $50.00 by the streetcar company he acknowledged satisfaction for all claim for damages to his car. Plaintiff's reply, among other things, admitted the execution of the release. The trial court sustained defendant's motion for judgment on the

pleadings and the Kansas City Court of Appeals affirmed that order. The discussion and cases cited indicate the court's view that Teall's assignment was for a part of his claim only; that he could not thus split his cause of action and authorize the insurance company to sue in its own name; that an assignment of the entire claim would have authorized the assignee to sue; that upon a partial assignment Teall could sue for the entire damages and become a trustee for the insurer for the amount recovered in its behalf.

We do not approve of the court's reasoning in that case, but, whether or not its reasoning be sound, the facts in that case differ materially from those in the instant case. Here Mrs. Swisher assigned to respondent insurance company her entire claim for damages to her car. Respondent sued for the entire damages, although it recovered only the sum it had actually paid. In the suit brought by Mrs. Swisher against appellant, after she had settled with respondent insurance company, she sought to recover for personal injuries only and claimed nothing for damages to her car, although the release she gave appellant in settlement of that suit purports to cover damages to property as well as for personal injuries. Defendant then knew she had settled with the insurance company and assigned her claim to it.

Other cases involving insurance cited by appellant are distinguishable from the instant case. In Cable v. St. Louis Marine, etc., Co., 21 Mo. 133, a boat was lost by the negligence of defendant. The opinion says that there was insurance upon three-fourths of the boat, and the part insured abandoned to the underwriters. The owners sued for the entire damages. This court sustained the owners' right to sue, but expressly said it expressed no opinion ''as to the manner in which the suit should have been brought had the entire boat been insured by the owners, and they indemnified by their policy.'' In Swift & Co. v. Ry., 149 Mo. App. 526, 131 S. W. 124, property had been damaged by sparks from a locomotive. The owner had insurance in three separate companies. Each company paid one-third of the loss and took an assignment for one-third of the owner's claim. Then the owner sued for the entire damages. The Kansas City Court of Appeals held that, although the plaintiff had assigned its entire beneficial interest, it could maintain the suit. But the court indicated that had the full loss been reimbursed by only one insurer it could have brought suit in its own name. In Chamberlain v. Mo-Ark Coach Lines, 334 Mo. 461, 189 S. W. (2d) 538, we held that plaintiff did not split his cause of action, so as to be barred from suing for personal injuries sustained when [400] his automobile collided with defendant's bus, because he had separately sued and recovered for wrongful death of his wife in the same collision.

In the instant case appellant contends that Mrs. Swisher split her cause of action so as to bar a suit for property damages by settling with the insurance company for less than the full amount of

her loss and assigning to it only a part of such claim; also, by bringing her own suit for damages for personal injuries.

As to the first part of appellant's contention, we have already stated that Mrs. Swisher assigned to respondent insurance company her entire claim for property damages although, as her policy provided, she received less than her full claim by $25.00. This assignment would have prevented Mrs. Swisher from splitting her cause of action by suing defendant Young for the $25.00 which she had failed to receive from the insurance company, but it did not constitute a split of the action for property damages so far as respondent insurance company was concerned.

The Kansas City Court of Appeals in Ins. Co. v. Wabash Ry., 74 Mo. App. 106, considered many contentions like those now made by appellant. There the property of one Burrus was destroyed by the negligence of the defendant. The policy issued by the plaintiff insurance company obligated it to pay three-fourths of the loss, which it paid and claimed remuneration from defendant railway. The railway refused to pay and the insurance company sued. Defendant set up a release from Burrus, executed after he had collected three-fourths of his loss from the plaintiff insurance company and defendant had been notified thereof. A judgment for defendant was reversed on appeal in a well reasoned opinion by Ellison, J., fortified by the citation of many authorities. The opinion says that, while both the railroad company and the insurance company were liable for the loss, the former was primarily liable and "the insurer is practically a surety." That when the insurance company settled with the owner there was an equitable assignment pro tanto of his claim against the railroad company and the latter having notice thereof could not take an effective release from the owner. That although the insurance company did not pay the owner the full amount of his loss, yet when the owner released all his interest to the railroad company the insurance company became the sole party interested and could maintain the suit in its own name. Also that there was no split of the cause of action because the owner having released his claim the entire cause of action was in the insurance company.

Did the suit against appellant by Mrs. Swisher for damages for personal injuries, and her settlement of that suit by a release which purported to also release property damages, split her cause of action so as to bar her assignee from suing for property damages? Her suit was filed after respondent had been subrogated to her claim for property damages and after appellant had been notified thereof.

The rule which prevents harassment of a defendant with multiple suits on portions of the same cause of action is based upon sound reason. It is generally held that the right to recover damages for injury to person and property arising out of the same occurrence constitutes a single cause of action. The rule, of course, applies only when the

right of action for both personal injuries and property damage is in the same person. In this case Mrs. Swisher would not have been permitted to split her cause of action by bringing separate suits; one for personal injuries, the other for property damages. Nor would she have been permitted to split her cause after it had accrued by assigning her claim for property damages to one who had no prior contract rights in relation to the property. But the facts in the instant case furnish a reasonable exception to the rule against splitting; or perhaps it is more accurate to say there has been no split of the cause of action, but the creation of two separate causes of action.

The business of insuring owners of motor vehicles against property damage by collision is legitimate, useful and widespread. By the insurance contract, [401] before any cause of action accrues, the insured obligates itself to pay the owner any property damages he may suffer under the conditions of the policy, with the right of subrogation to the insurer as to any such damages caused by the fault of another. Thus the insurer stands almost, but not quite, in the relation of surety to the insured. At the moment an insured vehicle is damaged or destroyed by the fault of a third person the insurer has a contingent interest in any recovery of damages to the extent of its liability to the owner. That interest becomes a vested right to reimbursement from the third person when the insurer discharges its policy obligation to the insured. Conceding, but not deciding, the claim cannot be split so as to authorize suits for property damage by both the owner and the insurer, yet if the insurer either pays the insured his entire property loss or pays him a less sum and receives an assignment for the whole claim, as was done in this case, the insured has no further interest in property damages. Under those circumstances the insurer is the real party, and the only party, interested in collecting property damages and should be permitted to sue therefor in its own name. Thus two separate causes of action may arise from the same occurrence. [That was true in Chamberlain v. Mo-Ark Co., supra. See also annotations in 64 A. L. R. 656.]

By receiving payment of her property loss from the insurer, Mrs. Swisher neither lost her right to sue for personal injuries nor absolved the wrong-doer from paying property damage. This has resulted in this case in two suits for the same negligent act, one for personal injuries and the other for property damages, but it more nearly accords with justice to subject a defendant to two suits than to deny one of the plaintiffs the right to assert his separate claim.

We disapprove the holding of the Kansas City Court of Appeals in Subscribers, etc., v. K. C. Pub. Serv. Co., 230 Mo. App. 468, 91 S. W. (2d) 227, in so far as it conflicts with what we have here said and hold that the judgment in the instant case should be and is affirmed. All concur.