STATE OF MISSOURI ex rel. HOTEL PHILLIPS, INC., a Corporation, Relator, v. JOHN H. LUCAS, Presiding Judge of the Circuit Court of Jackson County, Missouri, Respondent, No. 44786—284 S. W. (2d) 452.

Court en Banc, November 14, 1955.

Rehearing Denied, December 12, 1955.

*Clyde J. Linde, Robert B. Langworthy, Billy S. Sparks* and *Robert J. Coleman* for relator; *Langworthy, Matz & Linde* and *Ringolsky & Jacobs* of counsel.

*Raymond G. Barnett* and *John H. Foard* for respondent.

514

[453] WESTHUES, J.—Relator, Hotel Phillips, Inc., filed an application in this court for a writ of mandamus to direct respondent, Honorable John H. Lucas, as Circuit Judge, to require answers to be made to relator's interrogatories filed in a suit pending in the Circuit Court of Jackson County, Missouri.

The case involving the interrogatories was filed on April 3, 1953, in the Circuit Court of Jackson County, Missouri, by Arthur Mag and the First National Bank of Kansas City, a corporation, as executors of the estate of Lottie Silvertone, deceased, and as trustees under her last will and testament, against Phillips Investment Company, a corporation, Hotel Phillips, Inc., a corporation, Joe Capra, Frank Accurso, Sam Accurso, and Jack Accurso to recover $62,000 as property damages alleged to have been sustained on December 13, 1952, when a building located at 1113-1115 Wyandotte Street, Kansas City, Missouri, owned by plaintiffs was destroyed by fire.

It was alleged that defendants were tenants and subtenants of plaintiffs and had full control of the property; and that the defendants were guilty of negligence in permitting the fire to start and spread. It was alleged that defendants violated certain terms of the leases with plaintiffs and that the fire was a direct result of those violations. Defendant Hotel Phillips, Inc., filed a separate answer denying plaintiffs' charges of negligence.

On December 2, 1954, relator, Hotel Phillips, Inc., filed interrogatories to plaintiff Arthur Mag. On December 9, 1954, plaintiff Arthur Mag filed objections thereto. The respondent judge on December 21, 1954, indicated that the objections would be sustained. The present proceeding was thereupon commenced.

The interrogatories which relator insists should be answered were the following:

"Comes now defendant Hotel Phillips, Inc. by its attorneys, and propounds the following interrogatories to Arthur Mag, Executor of the estate of Lottie Silvertone and as Trustee of the Last Will and Testament of Lottie Silvertone, deceased, one of the plaintiffs herein, to be answered by him under oath:

"1. State whether the building known as 1113-1115 Wyandotte Street, referred to and described in the Second Amended Petition for Damages, was insured against loss by fire on December 14, 1952.

"2. If your answer to interrogatory No. 1 is in the affirmative, please state:

> "(a) The amount of such insurance;
> "(b) The Company or companies in which such building was insured and the amount of insurance carried by each company on said building;
> "(c) Whether you filed a proof or proofs of loss, and if your answer is in the affirmative, attach a copy of the proof or proofs of loss filed by you after said fire;
> "(d) Whether you set out the amount of loss claimed by you in each proof of loss;
> "(e) The amount of loss claimed by you in your proof or proofs of loss;

"(f) Whether you were compensated by any insurance company or companies for said loss;

"(g) The amount of insurance paid to the estate of Lottie Silvertone, deceased, by each company;

"(h) The amount of insurance paid to the Trust Estate created under the Last Will and Testament of Lottie Silvertone, deceased, by each company;

"(i) The amount of the actual damage to the property known as 1113-1115 Wyandotte Street which was caused by said fire on December 14, 1952;

"(j) Whether the actual loss and damage to the building at 1113-1115 Wyandotte Street on December 14, 1952, was fully covered by fire insurance."

The objections to these interrogatories were "that the facts called for by each of the interrogatories are irrelevant and immaterial to each and every one of the issues of this case and are facts which properly and lawfully should not be considered by the jury in deciding any of the issues in this case."

The question for decision before us was tersely stated by respondent as follows: "Husked of form and incidentals, the comprehensive overall question is this: Were Relator's trial court interrogatories of a character requiring answers?"

Relator contends that it is entitled to know whether the property damaged by the fire was insured and, if so, whether the loss was paid in full or in part so it may determine who the real parties in interest are; that if the loss has been paid in full, plaintiffs cease to have any interest in the case.

The case of General Exchange Ins. Corporation v. Young, 357 Mo. 1099, 212 S.W.(2d) 396, l.c. 400, 401 (10, 11), sustains relator. In that case, the insurance company (plaintiff in the case) was permitted to sue in its own name for the amount it had paid on the loss. The insured was permitted to sue for the loss in excess of the amount paid by the insurance company. This court held plaintiff had not split her cause of action; also that an insurance company is subrogated for the amount paid to the rights of the insured as against third parties causing the damage.

Respondent does not contend that an insurance company is not subrogated to the extent it has paid on the loss, but says that plaintiffs, even though fully reimbursed for the loss, may nevertheless maintain the action for the damage done. Citing Sexton v. Anderson Electric Car Co., 234 S.W. 358. In that case, plaintiff-owner of a car which had been wrecked sued the company causing the damage. The defendant contended that plaintiff was not the real party in interest. It was shown that an insurance company had paid the loss. The court held that under the terms of the policy the insured had agreed to sue for the benefit of the insurer; that the insurance company was the real

party in interest but that under the agreement the insured could maintain the suit.

However that may be, the vital question now before us is not in whose name the suit for damages may be prosecuted but whether the interrogatories are such that material, competent evidence may be discovered for the trial of the case. Respondent stated the question correctly in his brief which we quoted above and repeat for emphasis: "Were Relator's trial court interrogatories of a character requiring answers?" We answer the question in the affirmative.

The question of the real party in interest may become very material in the lawsuit. The same is true as to the amount of loss claimed by the insured. It cannot be determined in advance whether the answers to the interrogatories will produce information which may be of aid in doing justice. The function of the interrogatories is to find out if such evidence exists. This court en banc, in the case of State ex rel. Cummings v. Witthaus, 358 Mo. 1088, 219 S.W.(2d) 383, l.c. 390 (20), made the following comment which may well be applied to this case: "The search for the truth should proceed unhampered within constitutional and statutory limitations. It is the trend of modern practice in nearly every jurisdiction to so enlarge the scope of discovery provisions that the discovery procedures will be a useful and practical implement in [455] the search for and presentation of the truth. That is the spirit in which our New Code was conceived and implemented. The law frowns more and more upon ambush and delay and approves more and more candor and fairness between parties litigant. The modern discovery statutes and modern legal thinking have abrogated the old common-law theory that litigation was a game wherein the litigants had a right to conceal and withhold 'their evidential resources.' "

Again, in State ex rel. Williams v. Buzard, 354 Mo. 719, 190 S.W. (2d) 907, l.c. 912 (10), the court en banc said: "The spirit of the new code is to allow essential information, admissible in evidence, to be obtained by the less expensive method of interrogatories whenever that is reasonable and proper."

It follows that our writ of mandamus heretofore issued should be made peremptory to require answers to the interrogatories.

It is so ordered. All concur.