**Milburn E. HAYES, Plaintiff-Respondent,**

v.

**Earnie JENKINS, Defendant-Appellant.**

**No. 7845.**

Springfield Court of Appeals.

Missouri.

July 7, 1960.

Motion for Rehearing or to Transfer to Supreme Court Overruled Aug. 3, 1960.

**260**

J. Ben Searcy, Eminence, Green & Green, H. D. Green, West Plains, for defendant-appellant.

Miller, Fairman, Sanford, Carr & Lowther, William P. Sanford, Mayte Boylan Hardie, Sam F. Hamra, Jr., Springfield, for plaintiff-respondent.

RUARK, Judge.

This case concerns the fundamental question of whether one who has been paid for his damages may maintain an action for such.

Plaintiff, now respondent, brought suit for damages to his automobile alleged to have been suffered in a rear-end collision. On May 3, 1955, defendant filed his pleading denominated "Motion to Name Party in Interest," where he alleged that "the cause of action is that some insurance company on a subrogation claim wherein such insurance company has paid to plaintiff the amount of insurance under a policy on the automobile of plaintiff involved in such collision and that *plaintiff's interest in such lawsuit is either $50.00 or $100.00 of the amount sued for*." The prayer was that the court hear evidence on "these issues" and require the action to be instituted by the real party in interest. From the state of the record we cannot say whether this motion was overruled, but appellant says it was. At any rate, after various other proceedings the defendant did, on the 30th day of April, 1958, file his amended answer wherein he alleged, among other things, that "plaintiff has been *fully paid* and is not the real party in interest in this action and therefore has no right to maintain this action." On motion of plaintiff this portion of the answer was stricken.

At trial of the case defendant offered and attempted to recall the plaintiff "and show by him the witness would testify that he has received from his insurance carrier *full payment* for the damages which he now claims in his own name and as far as he is personally concerned he has no interest in the judgment he is attempting to obtain." Plaintiff's objection to this was sustained. At the close of the evidence defendant offered and was refused instruction D to the effect that the jury could not find for the plaintiff unless they found from a preponderance of the evidence "that plaintiff has not been paid for his damages." Plaintiff received a verdict and defendant has appealed.

Defendant's contention here is the flat assertion that if the insured plaintiff has been fully paid, or has been paid all except the deductible portion of his loss, then the insurer becomes the real party in interest. We think the question can be smelted down a bit to whether the plaintiff, having been fully paid, holds or retains such an interest in the claim as will permit him to sue.

■ Respondent's first contention is that we may not reach this refinement of the question because, defendant's first pleading, the "Motion to Name Party in Interest," having stated that plaintiff had a financial interest ("either $50.00 or $100.00 of the amount sued for"), the defendant is forever barred by it as an irrefutable judicial admission that plaintiff had some interest. We note this motion was filed in 1955, whereas the answer which first made the contention of *full* payment was filed approximately three years later. Obviously the motion could not be taken as an admission of the nonexistence of facts in the future. Be that as it may, we are of the opinion that the motion should be treated as any abandoned pleading. Such abandoned pleadings, if offered in evidence, constitute evidence, but they are not judicial admissions.[1]

We therefore consider the question from the standpoint that defendant has attempted to plead, prove, and instruct that plaintiff has no interest because he has been fully paid.

■ The general rule is that a bare legal title to the action is sufficient to maintain an action at law. 67 C.J.S. Parties, § 6b, p. 901, et seq., § 10b(2), p. 913; Swift & Co. v. Wabash R. Co., 149 Mo.App. 526, 131 S.W. 124; Halferty v. National Mutual Casualty Co., Mo.App., 296 S.W.2d 130, 137; Keeley v. Indemnity Co. of America, 222 Mo.App. 439, 7 S.W.2d 434; Florea v. Iowa State Insurance Co., 225 Mo.App. 49, 32 S.W.2d 111, 114; Meyer Jewelry Co. v. Professional Building Co., Mo.App., 307 S.W.2d 517, 522.[2] And this is true even though the insured has received "full payment" for his losses. Halferty v. National Mutual Casualty Co., supra, 296 S.W.2d 130; Foster v. Missouri Pac. R. Co., 143 Mo.App. 547, 128 S.W. 36; First National Bank of Kansas City v. Produce Exchange Bank, 338 Mo. 91, 89 S.W.2d 33, 38.[3] For it is "no concern of the defendant" whether an insurance company, by reason of having paid the damage ("how much or how little"), is entitled to subrogation to the proceeds of recovery, or whether the damages are (to be finally) received by the insurer or by the owner (Blashfield, Cyclopedia of Automobile Law and Practice, sec. 342, pp. 72–73; Matthews v. Missouri Pac. R. Co., 142 Mo. 645, 44 S.W. 802; Erhart v. Wabash R. Co., 136 Mo.App. 617, 118 S.W. 657, 659; Foster v. Missouri Pac. R. Co., supra, 128 S.W. 36; Ormsby v. A.B.C. Fireproof Warehouse Co., 214 Mo.App. 336, 253 S.W. 491, 497; Sherwood v. Arndt, Mo., 332 S.W.2d 891[4]), or that all of the *"proceeds"* of the cause of action have been assigned. Keeley v. Indemnity Co. of America, supra, 7 S.W.2d 434; Glenn v. Thompson, 228 Mo.App. 1087, 61 S.W.2d 210; Truitt v. National Life & Accident Insurance Co., 236 Mo.App. 1036, 161 S.W. 2d 683, 686.

■ Long ago it was held that the real party in interest statute (now Section 507.-010) applies only where the entire or *whole* cause has been assigned. Cable v. St. Louis Marine Ry. & Dock Co., 21 Mo. 133, 136. Of course, *if the cause itself* has been as-

1. Kirk v. Metropolitan Life Ins. Co., 225 Mo.App. 756, 38 S.W.2d 519; Negbaur v. Fogel Const. Co., Mo.App., 58 S.W. 2d 346, 352; Cantrell v. Knight, Mo.App., 72 S.W.2d 196, 199; Eckner v. Western Hair & Beauty Supply Co., 236 Mo.App. 988, 162 S.W.2d 621, 626; Locasio v. Ford Motor Co., 240 Mo.App. 269, 203 S.W.2d 518; Leis v. Massachusetts Bonding & Ins. Co., Mo.App., 125 S.W.2d 906.

2. See also Sexton v. Anderson Electric Car Co., Mo.App., 234 S.W. 358; Gould v. Chicago, B. & Q. R. Co., 315 Mo. 713, 290 S.W. 135, 141; Howard National Bank & Trust Co. v. Jones, Mo.App., 238 S.W.2d 905, 911; Byrd v. Bankers' & Shippers' Ins. Co., 224 Mo.App. 451, 28 S.W.2d 423.

3. See also Wells v. Thomas W. Garland, Inc., Mo.App., 39 S.W.2d 409, 412.

4. See also Wells v. Thomas W. Garland, Inc., Mo.App., 39 S.W.2d 409, 412; Baker v. Fortney, Mo.App., 299 S.W.2d 563; Meyer Jewelry Co. v. Professional Building Co., Mo.App., 307 S.W.2d 517.

signed the claimant would no longer have any interest and could not maintain it. Steele v. Goosen, Mo., 329 S.W.2d 703, 711; General Exchange Insurance Corp. v. Young, 357 Mo. 1099, 212 S.W.2d 396; Brush v. Harkins, D.C.W.D.Mo., 9 F.R.D. 604. Likewise, if the payment was made in full satisfaction and release the claim itself would be destroyed. But if the payment is not in exchange for "satisfaction and discharge," the claim is still alive. Wells v. Thomas W. Garland, Inc., Mo. App., 39 S.W.2d 409, 412; Dillon v. Hunt, 105 Mo. 154, 16 S.W. 516, 519; Matthews v. Missouri Pac. R. Co., 142 Mo. 645, 44 S.W. 802, 805. And it cannot be inferred, solely from the fact of payment, that there has been such an assignment or release of the cause of action itself. Gould v. Chicago, B. & Q. R. Co., 315 Mo. 713, 290 S.W. 135, 141.

■ We are of the opinion that the mere fact that claimant has received full payment for his damages from some third party does not, in and of itself, destroy the legal ownership and the right to maintain the action. And, absent payment by or in behalf of the alleged tortfeasor (for which payment the tortfeasor might claim credit), the test is not whether the injured party has been paid in full or in part, but whether the claim has been satisfied and released, or whether it has been assigned. It is not contended that any of these situations existed in this case.

The holding in State ex rel. Hotel Phillips v. Lucas, 365 Mo. 512, 284 S.W.2d 452, is not opposed to what we have said. That case involved the propriety of an interrogatory, the answer to which might or might not have tended to prove an assignment or release. The court said that question could not be determined in advance. The distinction between this case and General Exchange Insurance Corp. v. Young, supra, 212 S.W.2d 396, 399, is, in that case, Mrs. Swisher assigned to respondent insurance company *her entire claim for damages* to her car.

The portion of the answer which was stricken in our case was a bare statement that "plaintiff has been fully paid and is not the real party in interest." Neither in such answer nor in defendant's subsequent offer of proof is there any contention that the cause of action has been assigned, or that it has been released in satisfaction of such payment. These matters are conspicuous by their absence. The statement that the plaintiff "has no right to maintain the action" is purely a conclusion drawn from the foregoing allegation as to payment. Ford v. Wabash R. Co., 318 Mo. 723, 300 S.W. 769, 774.

■■ The objection that plaintiff is not the real party in interest, when not apparent from the record, is properly a matter of defense.[5] But it should be raised in such manner as to show a good faith contention and not simply as a vehicle to carry into the evidence matters which are otherwise inadmissible. It is "generally prejudicial" to bring insurance into the case in order to show that the company is financially interested in the outcome. Landau v. Fred Schmitt Contracting Co., 237 Mo.App. 908, 179 S.W.2d 138, 143; Sherwood v. Arndt, Mo., 332 S.W.2d 891. It should not be allowed unless the party so seeking provides a substantial basis for its use as legitimate evidence which may, if so received and believed, defeat recovery.

The judgment is affirmed.

STONE, P. J., and McDOWELL, J., concur.

5. Osmak v. American Car & Foundry Co., 328 Mo. 159, 40 S.W.2d 714, 77 A.L.R. 722; Quality Oil Co. v. Wyatt, Mo.App., 138 S.W.2d 40; Reed v. Inness, Mo.App., 102 S.W.2d 711.