**Leo HOORMAN, Plaintiff-Appellant,**

v.

**Clarence B. WHITE, Defendant-Respondent.**

No. 30695.

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1961.

Volkman & Robinson, Sherwood R. Volkman, St. Louis, for plaintiff-appellant.

Whalen, O'Connor & Grauel, Warren Grauel, Charles Sarkisian, St. Louis, for defendant-respondent.

GEORGE P. ADAMS, Special Judge.

Plaintiff-appellant sought recovery of $375 for damages to his car resulting from a collision with defendant-respondent's car, allegedly caused by defendant's negligence.

Following an appeal from a Magistrate judgment in favor of plaintiff for $375, defendant filed interrogatories in the Circuit Court of St. Louis County and in answer thereto, plaintiff stated that—at the time of the collision he had a policy of collision insurance; the total cost of repairs to his car was $338.27; he made a claim against his carrier under the provisions of the policy; the company paid the repair bill, less the deductable, ($50); he executed an "Auto Repair Order and Release" which was, in part, as follows:

> "It is agreed by the insured that upon payment of the foregoing claim, Farm Bureau Mutual Insurance Company of Missouri is hereby subrogated to all claims and rights of action of the undersigned against any third person or persons, firms, corporations or estates to the amounts so paid and the undersigned assigns and sets over to the said company all such claims with the right to prosecute the said action or actions in the name of the assignor."

Thereafter, defendant filed a motion to dismiss on the ground that, having assigned all of his rights and causes of action in connection with the property damage claimed, plaintiff was not the real party in interest. The motion was sustained and judgment was entered dismissing plaintiff's cause of action, from which an appeal to this court was taken.

Plaintiff contends he is still a real party in interest to the extent of the $50 which his

carrier did not pay on the repair bill and also, because he had the right to recover the difference between the market value of the car before and after the collision. In addition, he says that by the terms of the assignment the parties agreed that he could bring this action in his name.

Plaintiff is not a real party in interest. In Steele v. Goosen, Mo., 329 S.W.2d 703, at page 711, the Supreme Court passed on an assignment indistinguishable from the one here and notwithstanding contentions similar to those now made by plaintiff, held, that the " * * * document signed by plaintiff constituted an assignment to the insurer of plaintiff's entire claim for property damage, although, as the policy provided, plaintiff received $50 less than the cost of repairs to his automobile. General Exchange Ins. Corp. v. Young, supra [357 Mo. 1099], 212 S.W.2d 396, 401. It is immaterial to any of the issues here that the document signed by plaintiff limits the insurer's subrogation rights 'to the extent of the amount hereby paid.' "

Plaintiff assigned his entire cause of action and that includes the measuring of damages by the difference in market values of the car before and after the collision, as well as any other "measure" by which damages might be ascertained.

If a valid agreement can be made whereby a suit may be prosecuted in the name of a person having no interest therein (and we do not, by discussing the subject, intend to so hold), the document signed by plaintiff, nevertheless, places the "right" to prosecute in the insurance carrier and not the insured. The plaintiff assigned to the insurer " * * * all such claims with (and) the right to prosecute * * * " the same in name of the assignor.

If the case was being (and could be) prosecuted by the carrier in plaintiff's name under this "right", the burden was on plaintiff to have so shown. The record is silent as to this. No authorization or direction to prosecute under this clause is shown.

The motion to dismiss was properly sustained.

In support of his position that he was still a real party in interest and entitled to sue, plaintiff cites Hayes v. Jenkins, Mo.App., 337 S.W.2d 259. Defendant, there, maintained that because plaintiff had been fully paid, his insurer became the real party in interest. Plaintiff did not execute an assignment. Recognizing, at pages 261 and 262, that " * * * if the cause itself has been assigned the claimant would no longer have any interest and could not maintain it. Steele v. Goosen, Mo., 329 S.W.2d 703, 711 * * *," the court held that full payment of claimant's damages by some third person did not in and of itself destroy his right to maintain the action.

As authority for his contention that the document he signed authorized him to bring the suit, plaintiff cites Sexton v. Anderson Electric Car Co., Mo.App., 234 S.W. 358; State ex rel. Hotel Phillips, Inc. v. Lucas, 365 Mo. 512, 284 S.W.2d 452; and Sherwood v. Arndt, Mo.Sup., 332 S.W.2d 891.

In Sexton, too, there was no assignment of the cause of action. The policy of insurance provided that the insurer would be subrogated to the extent of payments made and that it "may take over and conduct, in the name of the subscriber" the prosecution of any claim against any third party. After payment of his full damages, plaintiff signed a bill of sale conveying the car to the insurance company. The suit was filed at the request of the insurance company. Again recognizing the distinction between simple subrogation and the assignment of the cause of action itself, the Court said, 234 S.W. at page 360: "The bill of sale given by plaintiff to the insurance company purports to convey the car in its wrecked condition, but says nothing about the cause of action being conveyed." (italics supplied), and held suit was properly brought in the subscriber's name.

In Hotel Phillips, the Court held that interrogatories relative to payment of fire losses by plaintiff's insurer were relevant

and material and should be answered, and held, 284 S.W.2d at page 454: "* * * the vital question now before us is not in whose name the suit for damages may be prosecuted but whether the interrogatories are such that material, competent evidence may be discovered for the trial of the case. * * *"

In Sherwood, the Court simply held that prejudicial error was committed in questions and comment in argument of the interest of the insurer of plaintiff's automobile.

The judgment is affirmed.

ANDERSON, P. J., and RUDDY, J., concur.

WOLFE, J., not participating.