**Ernest EWING, Plaintiff-Respondent,**

**v.**

**Avis PUGH, Defendant-Appellant.**

**No. 24738.**

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1967.

Heilbron & Powell, by Sylvester Powell, Jr., Kansas City, for appellant.

Sheridan, Sanders, Millin, Peters, Carr & Sharp, by Robert E. Sharp, Kansas City, for respondent.

MAUGHMER, Commissioner.

This is a suit for property damage to plaintiff's automobile. A jury was waived. The court found for and entered judgment in favor of plaintiff in the sum of $750. Defendant has appealed. This case being a trial to the court without a jury, the appellate court is required to review the case upon both the law and the evidence as in suits of an equitable nature. However, the judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. Rule 73.01(d), V.A.M.R.; Townsley et al. v. Thielecke et al., Mo.Sup., 349 S.W.2d 902; Masterson v. Plummer, Mo.App., 343 S.W.2d 352; City of St. Peters, Mo. v. Kuester et al., Mo.App., 402 S.W.2d 70.

The basic facts are not in material dispute. On December 22, 1964, plaintiff's 1964 Chevrolet Station Wagon was being operated by his daughter on Dickinson Street, Independence, Missouri, when it collided almost head-on with an automobile being driven at the time by the defendant Avis Pugh. At the time of the casualty

plaintiff was insured, as to that particular automobile, with the Equity Mutual Insurance Company. The policy had coverage for collision—$50 deductible. It also contained a subrogation agreement as follows:

"In the event of any payment under this policy, the company *shall be subrogated to all the insured's rights of recovery therefor* against any person or organization and the insured shall execute and deliver instruments and papers and do whatever is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights". (Italics added).

On March 30, 1965, the insured plaintiff Ernest Ewing, signed a document bearing the caption: "Sworn statement in proof of loss (automobile)". We set out the pertinent parts thereof.

"Name of insured—Ernest H. Ewing.

"Chevrolet-Station Wagon—64.

"Coverage—Against the perils of collision.

"Date of loss—A loss occurred on the 22nd day of Dec., 1964.

"Whole loss—The actual loss and damage to above described automobile as a result of said loss was $1,228.70.

"Amount claimed—Insured hereby claims of this company and will accept from this Company in full release and satisfaction in compromise settlement of all claims under this policy the sum of $1178.70.

"Subrogation—The Insured hereby covenants that no release has been or will be given to or settlement or compromise made with any third party who may be liable in damages to the Insured and the Insured in consideration of the payment made under this policy *hereby subrogates the said company to all rights and causes of action* the said Insured has against any person, persons or corporation whomsoever for damage arising out of or incident to

said loss or *damage to said property* and authorizes said Company to sue in the name of the Insured but at the cost of the Company any such third party, pledging full cooperation in such action.

(Signed) Ernest H. Ewing".

(Italics added to printed form).

And on the back page:

"The loss or damage for which this claim is made has been made good to my entire satisfaction and I hereby release and discharge the Equity Mutual Ins. Co. from all claims and demands for loss or damage which occurred on or about the 22nd day of Dec., 1964, and authorize payment to Bill Ireland Chevrolet the sum of ———— Dollars ($————), whose receipt for same shall be a complete acquittance.

(Signed) Ernest H. Ewing".

Plaintiff's petition, filed originally in Magistrate Court, recites occurrence of the accident, alleged defendant's negligence, asserted damage to the vehicle of $2300, pleaded payment of $1178.70 of the loss, assignment of that amount only and asked judgment for $1150. There is presently no dispute on the issue of liability on defendant's part for the damages to plaintiff's automobile.

The plaintiff, Ernest Ewing, testified that at the time of the collision, his 1964 Chevelle Station Wagon was eight months old, had been driven approximately 8,000 miles and had cost $3900 plus, when new. He expressed an opinion that the car was worth $3400 immediately before and $900 immediately after the accident. He said the "motor was shoved back, the frame sprung". Three bids for repairs were secured. The car was taken to Bill Ireland Chevrolet and remained there eight weeks before the repairs were fully completed. The delay was occasioned primarily because a factory air conditioner was not immediately available. Plaintiff said his mother had passed away over in Gardner,

Kansas, and he wanted to use the car, so he called Bill Ireland Chevrolet, was advised the car was ready and told to come and get it. He stated that when he picked up his automobile he "signed a paper and paid them $80." He thought the paper "was a $50 deductible, plus tuning it up after eight weeks". He drove the automobile to Gardner, Kansas, but "the battery was dead", and Bill Ireland "put in a new battery". He claimed he took the car back every two or three weeks but "they just refused to do anything else with it". He said "the car couldn't be lined up". "I put on three sets of tires on the front", "drove it 10,000 more miles and then traded it". He admitted that he drove the car during all of 1965 and through at least half of 1966 before he traded it. During this period he said he took the vehicle back to Bill Ireland's on numerous occasions. They "worked on" the power steering, the paint job, the wheel alignment and with respect to other complaints which he made—all without any further charge. Mr. Ewing said he preferred not to have the car repaired in the first place and that Equity Mutual offered "to total it out" as a total loss, but he said that would have cost him $1500 off of the original $3900 cost, so he finally agreed for it to be repaired.

It is defendant's position on appeal that the court erred in awarding a judgment to plaintiff because "plaintiff is not the real party in interest" and further, that to allow plaintiff to recover would subject defendant to multiple suits and in effect sanction the splitting of a cause of action. It is the defendant's contention that Equity Mutual Insurance Company is the real party in interest.

Section 507.010, V.A.M.S. provides that: "Every action shall be prosecuted in the name of the real party in interest, * * *".

In General Exchange Ins. Corporation v. Young, 357 Mo. 1099, 212 S.W.2d 396, 400, 401, the Supreme Court of Missouri said:

"The business of insuring owners of motor vehicles against property damage by collision is legitimate, useful and widespread. By the insurance contract, before any cause of action accrues, the insured [insurer] obligates itself to pay the owner any property damages he may suffer under the conditions of the policy, with the right of subrogation to the insurer as to any such damages caused by the fault of another. Thus the insurer stands almost, but not quite, in the relation of surety to the insured. At the moment an insured vehicle is damaged or destroyed by the fault of a third person the insurer has a contingent interest in any recovery of damages to the extent of its liability to the owner. That interest becomes a vested right to reimbursement from the third person when the insurer discharges its policy obligation to the insured".

We quote from the same court, Steele v. Goosen, Mo.Sup., 329 S.W.2d 703, 711, 712, respecting plaintiff's suit to collect property damages in his own name:

"* * * respondent contends that 'plaintiff assigned his entire cause of action as distinguished from the proceeds of the cause of action and therefore divested himself of both legal and equitable title to this cause of action'; that the Western Fire Insurance Company is the real party in interest and it was 'a necessary party to the cause of action sought to be asserted' in Count III; and that 'any amount over and above the amount paid by the insurance company belongs to the insured,' since the insurance company, although having been assigned the entire cause of action, is subrogated only 'to the extent of the money hereby paid.' Respondent cites General Exchange Ins. Corp. v. Young, supra, and State ex rel. Hotel Phillips v. Lucas, 365 Mo. 512, 284 S.W.2d 452. The court's order of dismissal is affirmed. The document signed by plaintiff constituted an assignment to the insurer of plaintiff's *entire claim for property damage*, although, as the policy provided, plaintiff

received $50 less than the cost of repairs to his automobile. General Exchange Ins. Corp. v. Young, supra, [357 Mo. 1099,] 212 S.W.2d 396, 401. It is immaterial to any of the issues here that the document signed by plaintiff limits the insurer's subrogation rights 'to the extent of the amount hereby paid.'" (Italics supplied).

The case of Hoorman v. White, Mo.App., 349 S.W.2d 379, is somewhat similar to the instant case. In Hoorman the total repair bill was $338.27; he made a claim against his carrier under the provisions of the policy; the company paid the repair bill, less the deductible ($50); he executed an "Auto Repair Order and Release" which was in part as follows:

"It is agreed by the insured that upon payment of the foregoing claim, Farm Bureau Mutual Insurance Company of Missouri is hereby subrogated to all claims and rights of action of the undersigned against any third person or persons, firms, corporations or estates to the amounts so paid and the undersigned assigns and sets over to the said company all such claims with the right to prosecute the said action or actions in the name of the assignor.

* * * * * *

"Plaintiff contends he is still a real party in interest to the extent of the $50 which his carrier did not pay on the repair bill and also, because he had the right to recover the difference between the market value of the car before and after the collision".

The court disposed of plaintiff's contention with this statement:

"Plaintiff assigned his entire cause of action and that includes the measuring of damages by the difference in market values of the car before and after the collision, as well as any other 'measure' by which damages might be ascertained".

In this Hoorman case the trial court sustained defendant's motion to dismiss and on appeal the action of the trial court was affirmed.

Lumbermen's Mutual Casualty Co. v. Norris Grain Co. et al., (C.A.8) 343 F.2d 670, syll. 9, (applying the Missouri law) held:

"Sole and unrestricted assignee of entire claim based on insurance policy, upon receipt of assignment, becomes as to assigned claim the real party in interest * * *".

In the case before us plaintiff does not contend that he was induced by fraud or misrepresentation into signing the proof of loss, including the subrogation and assignment. Plaintiff really takes two positions on appeal. He says first that he did not really assign the whole cause of action, is still the real party in interest and should be permitted to maintain a suit for not only the $50 deductible, but also for the difference in the value of his automobile immediately before and immediately after the accident, less the amount paid by the carrier. This is exactly the contention which was denied by the court in Hoorman v. White, supra. We believe the cases which we have cited herein are not in accord with the plaintiff's contentions. The situation here is different from those cases where it is only shown that some third party paid all or part of the plaintiff's property damage with no proof of assignment or subrogation agreement or even of the policy provisions. Hayes v. Jenkins, Mo.App., 337 S.W.2d 259; Bauer v. Holtkamp et al., Mo.App., 389 S.W.2d 850.

Plaintiff's second theory as we understand it is that the "proof of loss and assignment taken by Equity Mutual Insurance Company was not valid and was not enforceable, because of the illegality created in violation of the statutory law, between appellant and the Equity Mutual Insurance Company". We shall try to summarize the reasoning of plaintiff in arriving at

such conclusion. Section 435.010, V.A.M.S. provides:

"Any contract or agreement hereinafter entered into containing any clause or provision providing for an adjustment by arbitration shall not preclude any party or beneficiary under such contract or agreement from instituting suit or other legal action on such contract at any time, and the compliance with such clause or provision shall not be a condition precedent to the right to bring or recover in such action".

Mr. C. F. Warner, general counsel for Equity Mutual, testified that his company and defendant's liability carrier (with numerous other insurers) had entered into an arbitration agreement which precluded litigation by them of any cause arising under any subrogation agreement involving less than $2500. Plaintiff says such arbitration agreement violates Section 435.010, supra, forecloses the jurisdiction of the Missouri courts and also denies plaintiff's constitutional right to his "day in court".

Plaintiff invites our attention to numerous cases which he says support his stated ultimate conclusion. We have read and shall briefly discuss those cases:

In Parker v. School District of Valley Park, Mo.App., 325 S.W.2d 59, the question was whether or not a school teacher had voluntarily abandoned his employment.

Schoene et al. v. Hickam et al., Mo.Sup., 397 S.W.2d 596, has to do with enjoining a foreclosure. The holding was that plaintiffs who employed a licensed salesman who acted as a real estate broker, although not so licensed, were not in pari delicto with the salesman and could use the Missouri courts to enjoin a foreclosure.

Gilbert v. Edwards et al., Mo.App., 276 S.W.2d 611, rules that a contract between an unlicensed real estate agent and a property owner for real estate sale commissions is illegal and unenforceable.

Cook et al., v. Brotherhood of Sleeping Car Porters et al., Mo.Sup., 309 S.W.2d 579,

holds that Missouri courts have no jurisdiction to restrain discharge of employees who have failed to exhaust their administrative remedies provided in Railway Labor Act.

Rosenberg v. Gas Service Company, Mo. App., 363 S.W.2d 20, merely holds that an option agreement, leaving an essential element for future agreement, is not enforceable and does not satisfy the requirement of the Statute of Frauds that it must be in writing. It seems to us to be abundantly clear that none of these authorities presented by the plaintiff are in point or support his position.

■ It is our belief that Section 435.-010, supra, merely makes unenforceable *between the parties* any requirement for arbitration. So, if plaintiff's liability policy contained a mandatory provision for arbitration as to any controversy between himself and the insurer, under the contract, plaintiff would not be bound by it. But after he assigns his whole claim to the insurer, then such insurer, becoming and being the real party in interest, could arbitrate the matter with defendant and with defendant's insurer if those parties voluntarily wished to do so. An arbitration agreement under the statute and under Missouri law is not void, but only voidable at the behest of either party. The statute does not declare any such agreement to be void. It says, rather, any such agreement *"shall not preclude* any party or beneficiary" from instituting a suit. However, after settlement and assignment, plaintiff is no longer a party in interest to that particular claim. As a matter of fact, voluntary arbitration agreements are authorized and sanctioned by Section 435.020, V.A.M. S., which states:

"All persons, except infants and persons of unsound mind, may, by instrument of writing, submit to the decision of one or more arbitrators any controversy which may be existing between them, * * * "

We believe and rule that defendant's motion for a directed verdict on the ground that plaintiff is not the real party in interest under the Missouri law should have been sustained.

The judgment is reversed and the cause remanded with directions to set aside the judgment heretofore entered and to enter judgment for the defendant.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion by MAUGHMER, C., is adopted as the opinion of the Court.

All concur.