Rufus ALSUP and Nona Mae Alsup, his wife, Plaintiffs-Appellants,

v.

Lowell GREEN et al., Defendants-Respondents.

No. 9550.

Missouri Court of Appeals, Springfield District.

Dec. 10, 1974.

Blanton, Blanton, Rice & Sickal, James D. Sickal, Ross Eshelman, Manuel Drumm, Sikeston, for plaintiffs-appellants.

Claude E. Arnold, Dexter, Briney, Welborn & Spain, Bloomfield, for defendants-respondents.

FLANIGAN, Judge.

Appellants Rufus Alsup and Nona Mae Alsup, plaintiffs below, appeal from an order of the trial court sustaining a motion to dismiss filed by respondents Green and Chrisman, two of the three defendants below. The order of the trial court was improper and is reversed.

The petition was in two counts. In Count I, which was against defendants Green and Chrisman, the plaintiffs alleged that they were the owners of certain described real estate and "of the buildings and improvements thereon, which said buildings and improvements included a 30' X 36' frame dwelling with a reasonable market value of $12,000.00 and a 30' X 40' barn with a reasonable market value of $3,000.00 and a 20' X 30' barn with a reasonable market value of $2,000.00."

Count I further alleged that defendants negligently caused an explosion and a fire, which totally destroyed the "aforesaid dwelling and buildings," burned "furnishings . . . personal belongings . . . shrubbery and trees . . . ."

and caused plaintiffs to incur the expense of occupying rental quarters. The prayer of Count I was for $20,000 and costs.

Count II of the petition, which was against defendant Scott, incorporated the allegations of Count I, pleaded separate acts of negligence on the part of Scott, and requested the same relief.

After depositions had been taken and interrogatories answered, defendants Green and Chrisman filed a motion to dismiss the petition "for the reason that the plaintiffs have no interest in the cause of action set out." In the motion the defendants stated: "On the date on which the house mentioned in Plaintiffs' petition was destroyed by an alleged explosion, said house was insured by a certain policy of insurance issued by Farmers Mutual Insurance Company of Sikeston. Thereafter on November 19, 1968, the plaintiffs did for valuable consideration make and execute to [insurance company] a certain instrument, a copy of which is attached hereto and marked Exhibit 'A' and made a part hereof by which said instrument the said plaintiffs did assign the entire right in and to any cause of action arising from the destruction of said premises."

Exhibit A, quoted marginally,[1] was attached to the motion.

The defendants Green and Chrisman, by propounding requests for admissions to the plaintiffs, obtained the following admissions:

1. Plaintiffs executed Exhibit A on November 19, 1968.

2. On November 19, 1968, Farmers Mutual Insurance Company of Sikeston paid to Rufus Alsup and Nona Mae Alsup the sum of $9,950; said payment was payment for the loss of the house by explosion, which explosion is the same explosion mentioned in plaintiffs' petition.

3. Exhibit A was executed pursuant to the terms of an insurance policy issued by Farmers Mutual Insurance Company of Sikeston, whereby the house mentioned in Exhibit A, being the house mentioned in

1. For and in consideration of the payment of Nine Thousand, Nine Hundred Fifty and no/100 ($9,950.00) Dollars, the receipt and sufficiency of which is hereby acknowledged from the Farmers Mutual Insurance Company of Sikeston, the undersigned Rufus Alsup and Nona Mae Alsup here acknowledge payment in full of all sums due us from the Farmers Mutual Insurance Company of Sikeston by virtue of an application for insurance under any and all policies which the undersigned Rufus Alsup and Nona Mae Alsup might have had with said company covering any and all losses which the said Rufus Alsup and Nona Mae Alsup might have had resulting from an explosion which occurred on or about January 31, 1968, which destroyed a dwelling and outbuildings on a farm owned by the said Rufus Alsup and Nona Mae Alsup, and upon which the Metropolitan Life Insurance Company and Otis Kyle and Deloris Kyle, his wife, held Deeds of Trust, located in Stoddard County, Missouri.

In consideration of and to the extent of said payment, the undersigned hereby subrogate the Farmers Mutual Insurance Company of Sikeston, to all of the rights, claims and interest which the undersigned may have against any person or corporation liable for the loss mentioned above, and authorize the said Farmers Mutual Insurance Company of Sikeston to sue, compromise or settle in the names of the undersigned or otherwise, all such claims, and to execute and sign releases and acquittances and endorse checks or drafts given in settlement of such claims in the names of the undersigned, with the same force and effect as if the undersigned executed or endorsed them.

Warranted no settlement has been made by the undersigned with any person or corporation against whom a claim may lie, and no release has been given to anyone responsible for the loss, and that no such settlement will be made nor release given by the undersigned without the written consent of the Farmers Mutual Insurance Company of Sikeston, and the undersigned covenant and agree to cooperate fully with said Farmers Mutual Insurance Company of Sikeston in the prosecution of such claims, and to procure and furnish all papers and documents necessary in such proceedings and to attend court and testify if the Farmers Mutual Insurance Company of Sikeston deems such to be necessary, but it is understood the undersigned are to be saved harmless from costs in such proceedings.

In Witness Whereof, we have hereunto affixed our signatures this 19th day of November, 1968. /s/ Rufus Alsup /s/ Nona Mae Alsup.

plaintiffs' petition, was insured against loss by explosion.

After the plaintiffs' admissions had been filed, defendants' motion to dismiss was presented to the court and sustained. The court ordered that the "cause of action against the defendants herein, by [sic] and the same is hereby dismissed, by reason of assignment of all claims and causes of action to Farmers Mutual Insurance Company of Sikeston as shown by Exhibit 'A'."

■ If Exhibit A constitutes a total assignment by plaintiffs to Farmers Mutual Insurance Company of Sikeston ("Farmers"), of plaintiffs' tort claims against defendants, the trial court's order of dismissal was a proper one. Steele v. Goosen, 329 S.W.2d 703, 711 [11] (Mo.1959); Hoorman v. White, 349 S.W.2d 379 (Mo. App.1961).

■ Exhibit A is strikingly similar to the "Release and Subrogation Receipt," the legal effect of which was carefully analyzed in Holt v. Myers, 494 S.W.2d 430 (Mo.App.1973). Said "Release and Subrogation Receipt" is set forth in Footnote 3 appearing on page 436 of Holt. In Holt, the court discussed and sought to distinguish Ewing v. Pugh, 420 S.W.2d 14 (Mo. App.1967), the case on which defendants principally rely. The Kansas City court in Ewing, apparently construed the instrument before it as constituting an assignment. The validity of that construction may be doubtful.

Adopting the analysis that the court, in the Holt case, accorded to the instrument before it, and applying that analysis to Exhibit A, this court holds that Exhibit A is not an assignment.

Other authorities on which respondents relied are clearly distinguishable. They include Steele, supra, and Hoorman, supra, but both of these cases involved instruments containing an express and total assignment of the cause of action.

In Hayes v. Jenkins, 337 S.W.2d 259 (Mo.App.1960), this court held: "[A] bare legal title to the action is sufficient to maintain an action at law. . . . [T]his is true even though the insured has received 'full payment' for his losses. . . . [I]t is 'no concern of the defendant' whether an insurance company, by reason of having paid [some or all of] the damage, . . . is entitled to subrogation to the proceeds of recovery, or whether the damages are (to be finally) received by the insurer or by the owner . . . or that all of the '*proceeds*' of the cause of action have been assigned."

The Supreme Court of Missouri has cited Hayes with approval. Collier v. Roth, 434 S.W.2d 502, 506 (Mo.1968). Although Collier is not an insurance case, the court dealt with an assertion that subrogation rights were involved. The court stated that the "subrogation argument is beside the point. . . . [T]he person so injured is the real party in interest as defined by the real party in interest statute, Section 507.010 V.A.M.S., until his 'entire or whole case has been assigned.' Hayes v. Jenkins, Mo.App., 337 S.W.2d 259, 261 [3]. See also Steele v. Goosen, Mo., 329 S.W.2d 703, 711 [11]."

A line of Missouri cases, cited below,[2] compels the conclusion that since Exhibit A was not a total assignment of the tort claims the entry of the order of dismissal was erroneous.

2. Full payment by insurer—no assignment—insured still had bare title and could sue—immaterial that insurer entitled to subrogation to the proceeds—same result if *proceeds* had been assigned; Hayes v. Jenkins, 337 S.W.2d 259 (Mo.App.1960). Insurer paid $970 of $974 loss—no assignment—bare legal title sufficient for insured to sue; Bauer v. Holtkamp, 389 S.W.2d 850 (Mo.App.1965).

Insurer paid part of loss—no assignment—insured may sue; Vaccaro v. Moss, 410 S.W. 2d 329 (Mo.App.1966). Action by insured—total loss paid by two insurers—"Subrogation Receipts were executed to (insurers) assigning all claims to extent of payment."—motion to substitute the insurers as plaintiffs was properly overruled—Steele case distinguished as involving an assignment to one in-

It is true, as capable counsel for respondents point out, that in the Holt case the insurance company joined with their assureds, the Holts, as co-plaintiffs. In the Holt case the jury verdict was in favor of the defendant. Count I of the petition, which involved the loss which was only partially insured, prayed judgment in favor of all three plaintiffs, or, in the alternative, for judgment in favor of either the Holts or the insurance company in the total amount prayed. The court discussed the distinction between an assignment of a claim and subrogation to a claim. The propriety of the joinder of the parties and the propriety of their alternative prayers were not attacked. The court pointed out that the defendants "are not faced with a multiplicity of suits for the reason that both the subrogor and subrogee are parties plaintiffs in Count I of the petition, and only one verdict and one judgment is sought by the parties plaintiffs." Holt, supra, 494 S.W.2d at 439.

But the issue before this court is the propriety of the order of dismissal. There is no issue of the propriety of joinder of Farmers as a co-plaintiff. However, in State ex rel. Bartlett and Company, Grain v. Kelso, 499 S.W.2d 579 (Mo.App.1973), it was held that the trial court exceeded his jurisdiction in ordering the joinder (and, upon failure to do so, dismissal) of an insurer which held a "Loan Receipt and Agreement" executed in its favor by the plaintiff. The court held that the loan receipt and agreement constituted strictly a loan, and did not constitute an assignment nor even an instrument of subrogation. However, the court made it clear that it was reaching its decision in light of the provisions of Rule 52.04(b) V.A.M.R., "as [said rule] existed on February 22, 1971, and prior to December 1, 1972, the effective date of present Rule 52.04." State ex rel. Bartlett and Company, Grain, supra, 499 S.W.2d at 581.

The order of the trial court dismissing the action is hereby reversed and the cause remanded with the directions that the order of dismissal be set aside and the petition be reinstated.

HOGAN, C. J., and TITUS, J., concur.

BILLINGS and STONE, JJ., not sitting.

surer only; Liebstadter v. Brooks, 421 S.W.2d 547 (Mo.App.1967). Insurer paid part of loss—no assignment—appellate court prohibited inspection of policy saying that essential question was whether plaintiff had assigned her cause of action; State v. Kirkwood, 426 S.W.2d 690 (Mo.App.1968). Full payment does not destroy ownership of claim and right to assert it—test is not whether claim has been paid in full or in part but whether claim has been assigned; Jacobs v. Fodde, 458 S.W.2d 588 (Mo.App.1970). Discussion of difference between assignment and subrogation—in subrogation only equitable right passes to subrogee and legal title to claim remains in subrogor; Kroeker v. State Farm, 466 S.W.2d 105 (Mo.App.1971). Separate actions by separate insurers—no assignment—where multiple insurers, litigation should be brought in name of insured; State ex rel. Home Service Oil Company v. Hess, 485 S.W.2d 616 (Mo.App.1972). See also State v. Vardeman, 409 S.W.2d 672 (Mo. banc, 1966) discussing difference between assignment of claim and assignment of interest in proceeds; also discusses joinder problem.

See excellent article "Automobile Insurance—Assignment, Subrogation and the Real Party in Interest Statute in Missouri." 26 Mo.L.Rev. 62 (Jan. 1961).

For insurance cases involving proper party plaintiff where insurer paid *part* of loss, see 13 A.L.R.3d 140 (1960) (Mo. cases at p. 218); same subject but insurer paid *total* loss—13 A.L.R.3d 229 (1960) (Mo. cases at p. 270).